THE STATE EX REL. SECRETO, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Secreto v. Indus. Comm.* (1997), 80 Ohio St. 3d 581.]

*Workers' compensation — Industrial Commission's denial of application for permanent total disability compensation not an abuse of discretion when supported by "some evidence" — It is within commission's discretion to refuse to consider additional conditions which are allowed after a permanent total disability hearing has been held.*

(No. 95-1238 — Submitted October 7, 1997 — Decided December 31, 1997.)

APPEAL from the Court of Appeals for Franklin County, No. 94APD03-418.

Claimant-appellant, Joseph Secreto, was awarded workers' compensation benefits for industrial injuries he sustained in 1985 while employed by Cirulio Steel Erection Company. His claim was allowed for "sprain lumbar, pain left leg."

In 1991, Secreto moved appellee, Industrial Commission of Ohio ("commission"), for permanent and total disability compensation. The commission received medical reports prepared by numerous physicians, including claimant's attending physician, Dr. O.A. Mazanec, and Dr. Frederick A. Spencer, Dr. Jack D. Hutchison, and Dr. Robert J. Sidow. Drs. Mazanec and Spencer certified an inability to work. Drs. Hutchison and Sidow, who examined claimant on the commission's behalf, expressed the opinion that appellant was capable of performing sustained remunerative employment.

Although the commission initially denied Secreto permanent total disability compensation, it later granted reconsideration of the claim. After the initial denial of PTD, but before the commission reheard the merits of that claim, claimant moved that his claim be additionally allowed for "anxiety disorder." Ultimately, the

commission again denied claimant's claim for permanent total disability compensation, stating:

"Claimant has a high school education, and a work history as an ironworker and construction worker. His treatment has been strictly conservative. Commission specialist Dr. Sidow has indicated claimant has a 5% permanent partial impairment, and could engage in sustained, remunerative employment. Commission reviewer Dr. Hutchison has indicated claimant has an 18% permanent partial impairment, could perform some moderate to light work activity, and that *the degenerative change in his low back pre-existed the injury, are* [*sic*] *the result of the aging process*, and account[s] for the restricted lumbar motion. The claimant's industrial claim is not allowed for degenerative changes in the low back." (Emphasis added.) Claimant's additional condition was subsequently allowed.

Claimant's mandamus action in the Court of Appeals for Franklin County alleged that the commission abused its discretion in denying him permanent total disability compensation. The court of appeals denied the writ.

This cause is now before this court upon an appeal as of right.

_____

*Stewart Jaffy & Associates Co., L.P.A.*, *Stewart R. Jaffy* and *Marc J. Jaffy*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Craigg E. Gould*, Assistant Attorney General, for appellee.

_____

MOYER, C.J. Claimant seeks to compel an award of permanent total disability compensation ("PTD"). The commission seeks to uphold its order denying PTD.

The appropriate standard guiding our review is whether there is "some evidence" in the record to support the commission's decision. *State ex rel. Burley v.*

*Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936. If so, then the commission will not be deemed to have abused its discretion, and the granting of a writ of mandamus to correct an abuse of discretion is not warranted.

All examining physicians agreed that appellant suffered from chronic back discomfort. Dr. Spencer diagnosed appellant as suffering from sciatic neuritis. Dr. Sidow attributed appellant's pain to arthritis and sciatica. Dr. Hutchison ascribed the pain to low back degenerative change which preexisted his 1985 injury and was secondary to the normal aging process.

None of these medical ailments had been adjudicated to be an allowed condition for workers' compensation purposes. Thus, assuming *arguendo* that appellant is unable to engage in sustained remunerative employment, there is "some evidence" that the cause of the inability is not related to the condition allowed at the time his application was heard.

Permanent total disability compensation may not be awarded where a claimant's inability to work is not causally related to his allowed claim. *State ex rel. Hartung v. Columbus* (1990), 53 Ohio St.3d 257, 560 N.E.2d 196. A claimant whose allowed conditions prevent sustained remunerative employment should not be penalized in a permanent total disability determination simply because he or she is unfortunate enough to have other health problems. *State ex rel. Waddle v. Indus. Comm.* (1993), 67 Ohio St.3d 452, 457-458, 619 N.E.2d 1018, 1022. However, in light of the Hutchison and Sidow medical reports, the commission acted within its discretion in finding that appellant's injury of "sprain lumbar, pain left leg" was not a cause of his alleged inability to work. Appellant's claim was not recognized for degenerative change, arthritis, or sciatica. Nor had appellant's additional claim for "anxiety disorder" been ruled upon at the time of rehearing.

3

The court of appeals correctly concluded that it is within the commission's discretion to refuse to consider additional conditions which are allowed after a permanent total disability hearing has been held. Cf. *State ex rel. Cordray v. Indus. Comm.* (1990), 54 Ohio St.3d 99, 101, 561 N.E.2d 917, 919.

As did the court of appeals, we note that appellant is not precluded from filing another permanent total disability application based on the additional allowed condition of anxiety disorder.

We do not find that the commission's decision denying permanent total disability constituted an abuse of discretion. We therefore affirm the judgment of the court of appeals denying appellant a writ of mandamus.

*Judgment affirmed.*

PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., dissents.

RESNICK and F.E. SWEENEY, JJ., dissent and would reverse the judgment of the court of appeals.

4