THE STATE EX REL. AVALON PRECISION CASTING COMPANY, APPELLANT,
*v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Avalon Precision Casting Co. v. Indus. Comm.*, 109 Ohio St.3d 237, 2006-Ohio-2287.]

(No. 2005–1108—Submitted April 11, 2006—Decided May 24, 2006.)

**Per Curiam.**

{¶ 1} This is an appeal from the granting of a motion for summary judgment in a workers' compensation mandamus case. We affirm.

{¶ 2} Appellee Johnnie Edwards filed a claim for workers' compensation benefits in 2001. The Bureau of Workers' Compensation reviewed the claim and determined that Edwards was entitled to benefits for workplace injuries to his right knee and leg.

{¶ 3} In 2003, Edwards's treating physician recommended that Edwards undergo a magnetic-resonance-imaging ("MRI") procedure on his right knee so that the doctor could identify and treat his injuries more effectively. The doctor sought and received the bureau's authorization for the MRI in April 2003. Edwards's employer, Avalon Precision Casting Company, then challenged the bureau's authorization of the MRI, exhausting all administrative appeals at the bureau and at the Industrial Commission.

{¶ 4} When those appeals did not succeed, Avalon filed a petition for a writ of mandamus in May 2004 in the Court of Appeals for Franklin County, alleging that the bureau and the commission had improperly authorized the MRI as a proper course of treatment for Edwards's workplace injuries. In a separate filing in June 2004, Avalon—citing alleged fraud on the part of Edwards—also asked the commission to vacate the bureau's underlying determination made in 2001 awarding workers' compensation benefits to Edwards for those injuries.

{¶ 5} The commission filed a motion for summary judgment in the mandamus case, and in May 2005, the court of appeals granted summary judgment in the commission's favor. The court of appeals ruled that Avalon's legal challenge to the commission's authorization of the MRI was not ripe for review while Avalon's

motion to vacate the underlying workers' compensation claim was pending before the commission.

{¶ 6} Avalon has now filed an appeal as of right. For the reasons that follow, we affirm the judgment of the court of appeals.

{¶ 7} Avalon argues first that the commission's motion for summary judgment in the court of appeals was untimely and should not have been accepted by that court. The court of appeals, however, expressly granted leave to the commission to file the motion within a few days after it was tendered to the court. Absent an abuse of discretion, a lower court's decision to accept such a motion—even if the motion is untimely—will not be reversed on appeal. In this case, Avalon was given ample opportunity to respond—and did respond—to the commission's summary judgment motion, and we hold that the court of appeals did not abuse its discretion when it allowed the commission to file that motion.

{¶ 8} In granting the commission's summary judgment motion, the court of appeals concluded that Avalon's mandamus complaint was premature as long as Avalon's challenge to the underlying allowance of Edwards's workers' compensation claim was pending before the bureau. We need not reach that ripeness issue, for appellant Avalon urges us to address the merits of its mandamus complaint, and we find ample grounds to support the dismissal of that complaint on its merits.

{¶ 9} "The appropriate standard guiding our review is whether there is 'some evidence' in the record to support the commission's decision. * * * If so, then the commission will not be deemed to have abused its discretion, and the granting of a writ of mandamus to correct an abuse of discretion is not warranted." *State ex rel. Secreto v. Indus. Comm.* (1997), 80 Ohio St.3d 581, 582–583, 687 N.E.2d 715. This court's role is not to "micromanage the commission as it carries out the business of compensating for industrial/occupational injuries and illness." *State ex rel. Mobley v. Indus. Comm.* (1997), 78 Ohio St.3d 579, 584, 679 N.E.2d 300. "Where a commission order is adequately explained and based on some evidence, even evidence that may be persuasively contradicted by other evidence of record, the order will not be disturbed as manifesting an abuse of discretion." Id.

{¶ 10} In this case, Edwards's treating physician recommended that he undergo an MRI on his right knee. When Avalon challenged that recommendation, a second physician reviewed Edwards's treatment plan and agreed that an MRI was a reasonable and necessary procedure that would assist his doctor in treating the injured knee. The bureau then relied on that second doctor's conclusion when it rejected Avalon's administrative challenges to the MRI authorization.

{¶ 11} Because at least some evidence in the record supported the decision of the bureau on the MRI issue, we cannot say that the commission abused its discretion when it declined to overturn the bureau's authorization of that proce-

dure. Avalon was therefore not entitled to a writ of mandamus compelling the commission to reach a different outcome, and the court of appeals properly granted judgment in the commission's favor on the mandamus complaint.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

Willacy, LoPresti & Marcovy and Aubrey B. Willacy, for appellant.

Jim Petro, Attorney General, and Dennis Behm, Assistant Attorney General, for appellee Industrial Commission of Ohio.

Rapoport, Spitz, Friedland & Courtney and Michael. M. Courtney, for appellee Johnnie Edwards.