THE STATE EX REL. WYRICK, APPELLANT, *v.* INDUSTRIAL COMMISSION
OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Wyrick v. Indus. Comm.*, 138 Ohio St.3d 465,
2014-Ohio-541.]

*Workers' compensation—Scheduled loss—R.C. 4123.57(B)—Loss of use of arm—*
*Commission abused its discretion when it refused compensation for loss of*
*use of arm based on internally inconsistent medical report.*

(No. 2012-1670—Submitted October 8, 2013—Decided February 19, 2014.)

APPEAL from the Court of Appeals for Franklin County, No. 11AP-653,
2012-Ohio-4127.

_____

**Per Curiam**.

**{¶ 1}** Charles G. Wyrick appeals the judgment of the court of appeals denying his request for a writ of mandamus that would require appellee Industrial Commission to award scheduled loss benefits for the loss of use of his left arm. Wyrick argues that the commission abused its discretion when it relied on the report of Dr. D. Ann Middaugh as evidence that Wyrick had retained some use of his left arm to deny his request for benefits under R.C. 4123.57(B).

**{¶ 2}** We agree that the commission abused its discretion when it relied on the report of Dr. Middaugh. Consequently, we reverse the judgment of the court of appeals.

**{¶ 3}** On March 8, 2006, Wyrick was injured when he fell off scaffolding while working as a carpenter for appellee Commercial Drywall Systems, Inc. His workers' compensation claim was allowed for a dislocated left shoulder, a superficial injury to his left hand, cellulitis in his left fourth finger, a torn left rotator cuff, and a herniated disc at C5-6.

**{¶ 4}** On February 3, 2010, Wyrick filed a motion requesting compensation for the scheduled loss of use of his left upper extremity, supported by the January 19, 2010 report of Dr. George D.J. Griffin III. Dr. Griffin reported that Wyrick had no rotator cuff present and had lost the functional use of his left upper extremity.

**{¶ 5}** The commission submitted the report of Dr. D. Ann Middaugh, who performed an independent medical examination of Wyrick. Dr. Middaugh acknowledged that Wyrick has lost the use of his left rotator cuff, but she opined that he "has significant remaining function of his left upper extremity including no limitation in use of the forearm, wrist and hand so long as the elbow is maintained at the waist level." She stated that "the objective documentation and physical examination does [sic] not support total permanent loss of use of the left upper extremity to the degree that the involved body part is useless for all purposes."

**{¶ 6}** A staff hearing officer denied Wyrick's request for compensation. The hearing officer relied on the report of Dr. Middaugh as some evidence that Wyrick had not entirely lost the use of his left arm.

**{¶ 7}** Wyrick filed a complaint for a writ of mandamus alleging that the commission's finding was a gross abuse of discretion. In his brief in support, he alleged that Dr. Middaugh's report could not constitute some evidence because she had failed to use the proper legal standard when evaluating the loss of use of his arm. Wyrick asked the court to issue a writ that would require the commission to grant his application for the loss of use of the left upper extremity.

**{¶ 8}** The court of appeals concluded that Dr. Middaugh had relied on the appropriate legal standard when she evaluated the function in Wyrick's left arm. Thus, the court concluded that Dr. Middaugh's report was some evidence upon which the commission could rely to deny scheduled loss compensation and denied the writ.

**{¶ 9}** This cause is now before the court on Wyrick's appeal as of right.

**{¶ 10}** R.C. 4123.57(B) provides a schedule of compensation payable to an injured worker for the loss of a body part enumerated in the statute. There is no provision in the statute for the loss of an "upper extremity"; thus, we consider Wyrick's request to be for the loss of his left arm. "Loss" within the meaning of R.C. 4123.57(B) includes not only amputation, but also the loss of use of the affected body part. *State ex rel. Moorehead v. Indus. Comm.*, 112 Ohio St.3d 27, 2006-Ohio-6364, 857 N.E.2d 1203, at ¶ 13. The loss of use need not be absolute if the claimant has "suffered the permanent loss of use of the injured bodily member for all practical intents and purposes." *State ex rel. Alcoa Bldg. Prods. v. Indus. Comm.*, 102 Ohio St.3d 341, 2004-Ohio-3166, 810 N.E.2d 946, ¶ 12.

**{¶ 11}** Wyrick argues that Dr. Middaugh's report was flawed because the doctor failed to use the proper legal standard and evaluate Wyrick's loss for "all practical purposes." Thus, Wyrick maintains, Dr. Middaugh's report could not constitute some evidence upon which the commission could rely to deny his request for scheduled loss benefits. *See id.*

**{¶ 12}** We disagree with Wyrick's assertion that Dr. Middaugh used an improper legal standard. Nevertheless, we agree that her report cannot constitute some evidence to support the commission's decision because her conclusion that Wyrick's arm retains "significant remaining function" is inconsistent with the findings of her physical examination and her observations.

**{¶ 13}** In her report, Dr. Middaugh acknowledged that Wyrick was able to use his left forearm and hand only if he holds his arm next to his body with the elbow at waist level and that he was unable to lift his arm without assistance. Her examination revealed that he holds his left arm with the elbow flexed and hand at his waist level. Dr. Middaugh observed that Wyrick's range of motion and ability to function were severely limited due to the loss of his entire rotator cuff.

**{¶ 14}** We find that Dr. Middaugh's findings are not consistent with her ultimate conclusion. She concluded that Wyrick had "significant remaining function of his left upper extremity," while finding at the same time that he was able to use his hand, wrist, and forearm only if the elbow remains at waist level. A report that is internally inconsistent cannot be some evidence supporting the commission's decision. *State ex rel. Lopez v. Indus. Comm.*, 69 Ohio St.3d 445, 449, 633 N.E.2d 528 (1994). Consequently, Dr. Middaugh's report cannot be some evidence supporting the commission's decision to deny an award for loss of use and must be removed from consideration.

**{¶ 15}** On the other hand, the January 19, 2010 report of Wyrick's treating physician, Dr. Griffin, stated that, for all practical purposes, Wyrick had lost the function of his left arm. Because this is the only other report submitted for consideration with his motion for a loss-of-use award, there is no reason to return this matter to the commission for further consideration. Thus, pursuant to State *ex rel. Gay v. Mihm*, 68 Ohio St.3d 315, 626 N.E.2d 666 (1994), we order that Wyrick is entitled to an award for the scheduled loss of his left arm. *State ex rel. Franks v. Indus. Comm.*, 99 Ohio St.3d 35, 2003-Ohio-2456, 788 N.E.2d 1050, ¶ 28.

**{¶ 16}** The judgment of the court of appeals is reversed.

Judgment reversed

and writ granted.

O'CONNOR, C.J., and PFEIFER, LANZINGER, and O'NEILL, JJ., concur.

O'DONNELL, KENNEDY, and FRENCH, JJ., dissent.

_____

**O'DONNELL, J., dissenting.**

**{¶ 17}** Respectfully, I dissent.

**{¶ 18}** The issue in this case is whether the Industrial Commission abused its discretion in determining that Charles Wyrick is not entitled to a loss of use

4

award for his left upper extremity and whether there is some evidence in the record to support the commission's decision. Because the commission did not abuse its discretion and its decision is supported by evidence in the record, the judgment of the court of appeals denying relief should be affirmed.

{¶ 19} Mandamus will not lie to control the discretion vested in the commission "as long as its discretion is exercised soundly and within legal bounds. * * * Further, mandamus will not lie unless there has been a gross abuse of discretion." *State ex rel. Goodyear Tire & Rubber Co. v. Indus. Comm.*, 38 Ohio St.2d 57, 62, 310 N.E.2d 240 (1974). In *State ex rel. Avalon Precision Casting Co. v. Indus. Comm.*, 109 Ohio St.3d 237, 2006-Ohio-2287, 846 N.E.2d 1245, we stated:

> "The appropriate standard guiding our review is whether there is 'some evidence' in the record to support the commission's decision. * * * If so, then the commission will not be deemed to have abused its discretion, and the granting of a writ of mandamus to correct an abuse of discretion is not warranted." *State ex rel. Secreto v. Indus. Comm.* (1997), 80 Ohio St.3d 581, 582-583, 687 N.E.2d 715. * * * "Where a commission order is adequately explained and based on some evidence, even evidence that may be persuasively contradicted by other evidence of record, the order will not be disturbed as manifesting an abuse of discretion." [*State ex rel. Mobley v. Indus. Comm.,* 78 Ohio St.3d 579, 584, 679 N.E.2d 300 (1997).]

*Id.* at ¶ 9. *See State ex rel. Burley v. Coil Packing, Inc.*, 31 Ohio St.3d 18, 20-21, 508 N.E.2d 936 (1987) ("The commission *alone* shall be responsible for the

evaluation of the weight and credibility of the evidence before it" [emphasis added]).

{¶ 20} In this case, the commission relied on the report of Dr. Ann Middaugh and set forth reasons in its order that adequately explained its determination that "for all practical purposes, [Wyrick] has not lost the use of his left upper extremity to the same effect and extent as if it had been amputated or otherwise physically removed." In her report, Dr. Middaugh documented Wyrick's medical history and set forth her review of his medical records and her findings upon physical examination. Dr. Middaugh acknowledged that Wyrick's treating physician—Dr. George Griffin—reported that Wyrick "had essentially lost the functional use of his left upper extremity." She concluded, however, based upon all the information available to her, that Wyrick "has significant remaining function of his left upper extremity" and that the objective evidence did not support the conclusion that his arm "is useless for all purposes."

{¶ 21} Wyrick urges that Dr. Middaugh based her opinion on an incorrect legal standard when she failed to use the word "practical" to modify the word "purposes" when stating that Wyrick's upper left extremity was "not useless for all purposes." He asserts that this is not the standard we established in *State ex rel. Alcoa Bldg. Prods. v. Indus. Comm.*, 102 Ohio St.3d 341, 2004-Ohio-3166, 810 N.E.2d 946, ¶ 12-13 (loss of use need not be absolute if the claimant has "suffered the permanent loss of use of the injured bodily member for all practical intents and purposes"). Wyrick urges that if Dr. Middaugh had used the correct legal standard, she might have reached a different conclusion.

{¶ 22} The court of appeals agreed with its magistrate's conclusion that "when read as a whole, Dr. Middaugh's failure to use the word 'practical' does not constitute use of an incorrect legal standard or misapplication of *Alcoa*. ' "Nothing in *Alcoa* suggests that the talismanic use of the phrase 'for all practical purposes' is required in determining a loss of use claim." ' " 2012-Ohio-4127,

¶ 7, quoting *State ex rel. Kish v. Kroger Co.,* 10th Dist. Franklin No. 10AP-882, 2011-Ohio-5766, ¶ 13, quoting *State ex rel. Wheeling-Pittsburgh Steel Corp. v. Indus. Comm.*, 10th Dist. Franklin No. 06AP-43, 2007-Ohio-757, ¶ 4.

{¶ 23} And the majority here agrees with the appellate court that Dr. Middaugh's failure to use the word "practical" did not render her opinion flawed. Majority opinion at ¶ 12. Nevertheless, it proceeds to reexamine and interpret Dr. Middaugh's findings as inconsistent with her ultimate opinion, concluding that her report "cannot constitute some evidence to support the commission's decision because her conclusion that Wyrick's arm retains 'significant remaining function' is inconsistent with the findings of her physical examination and her observations." Majority opinion at ¶ 12. The problem here is that the majority essentially has reweighed the evidence and improperly substituted its findings for that of the Industrial Commission in concluding that Dr. Middaugh's report is inconsistent.

{¶ 24} Notwithstanding the majority's view, Dr. Middaugh's findings *are not* inconsistent with her ultimate conclusion. In her report, Dr. Middaugh acknowledges "clear loss of use of the entire rotator cuff relative to the left shoulder," but concludes based on all the information available to her that Wyrick "has significant remaining function of his left upper extremity" and that the objective evidence did not support the conclusion that his arm is "useless for all purposes."

{¶ 25} In this case, after evaluating the weight and credibility of the evidence before it, the commission determined Dr. Middaugh's opinion to be persuasive and relied on it, and her report is some evidence that supports the commission's decision to deny compensation. Such a determination does not constitute an abuse of discretion.

{¶ 26} It is the exclusive responsibility of the commission to assess the weight and credibility of the evidence, and our limited role in reviewing the

commission's order is to determine whether there is some evidence in the record to support the commission's stated basis for its decision. *State ex rel. Burley,* 31 Ohio St.3d at 20-21, 508 N.E.2d 936. If there is some evidence, we must defer to the commission's determination even if there is other evidence that supports a decision contrary to that of the commission. *State ex rel. Pass v. C.S.T. Extraction Co.*, 74 Ohio St.3d 373, 376, 658 N.E.2d 1055 (1996).

{¶ 27} I believe that Dr. Middaugh relied on the appropriate legal standard when rendering her medical opinion in this matter. Furthermore, I believe that her report constituted evidence that supported the commission's decision to deny compensation. Thus, the commission did not abuse its discretion when it denied the request of Charles G. Wyrick for benefits for the loss of use of his left arm. I would affirm the judgment of the court of appeals.

KENNEDY and FRENCH, JJ., concur in the foregoing opinion.

_____

Butkovich & Crosthwaite Co., L.P.A., Joseph A. Butkovich, and Dana R. Lambert, for appellant.

Michael DeWine, Attorney General, and Patsy A. Thomas, Assistant Attorney General, for appellee Industrial Commission.

_____