O’Donnell, J.,
dissenting.
{¶ 17} Respectfully, I dissent.
{¶ 18} The issue in this case is whether the Industrial Commission abused its discretion in determining that Charles Wyrick is not entitled to a loss of use award for his left upper extremity and whether there is some evidence in the record to support the commission’s decision. Because the commission did not abuse its discretion and its decision is supported by evidence in the record, the judgment of the court of appeals denying relief should be affirmed.
{¶ 19} Mandamus will not lie to control the discretion vested in the commission “as long as its discretion is exercised soundly and within legal bounds. * * * Further, mandamus will not lie unless there has been a gross abuse of discretion.” State ex rel. Goodyear Tire & Rubber Co. v. Indus. Comm., 38 Ohio St.2d 57, 62, 310 N.E.2d 240 (1974). In State ex rel. Avalon Precision Casting Co. v. Indus. Comm., 109 Ohio St.3d 237, 2006-Ohio-2287, 846 N.E.2d 1245, we stated:
“The appropriate standard guiding our review is whether there is ‘some evidence’ in the record to support the commission’s decision. * * * If so, *469 then the commission will not be deemed to have abused its discretion, and the granting of a writ of mandamus to correct an abuse of discretion is not warranted.” State ex rel. Secreto v. Indus. Comm. (1997), 80 Ohio St.3d 581, 582-583, 687 N.E.2d 715. * * * “Where a commission order is adequately explained and based on some evidence, even evidence that may be persuasively contradicted by other evidence of record, the order will not be disturbed as manifesting an abuse of discretion.” [State ex rel. Mobley v. Indus. Comm., 78 Ohio St.3d 579, 584, 679 N.E.2d 300 (1997).]
Id. at ¶ 9. See State ex rel. Burley v. Coil Packing, Inc., 31 Ohio St.3d 18, 20-21, 508 N.E.2d 936 (1987) (“The commission alone shall be responsible for the evaluation of the weight and credibility of the evidence before it” [emphasis added]).
{¶ 20} In this case, the commission relied on the report of Dr. Ann Middaugh and set forth reasons in its order that adequately explained its determination that “for all practical purposes, [Wyrick] has not lost the use of his left upper extremity to the same effect and extent as if it had been amputated or otherwise physically removed.” In her report, Dr. Middaugh documented Wyrick’s medical history and set forth her review of his medical records and her findings upon physical examination. Dr. Middaugh acknowledged that Wyrick’s treating physician — Dr. George Griffin — reported that Wyrick “had essentially lost the functional use of his left upper extremity.” She concluded, however, based upon all the information available to her, that Wyrick “has significant remaining function of his left upper extremity” and that the objective evidence did not support the conclusion that his arm “is useless for all purposes.”
{¶ 21} Wyrick urges that Dr. Middaugh based her opinion on an incorrect legal standard when she failed to use the word “practical” to modify the word “purposes” when stating that Wyrick’s upper left extremity was “not useless for all purposes.” He asserts that this is not the standard we established in State ex rel. Alcoa Bldg. Prods. v. Indus. Comm., 102 Ohio St.3d 341, 2004-Ohio-3166, 810 N.E.2d 946, ¶ 12-13 (loss of use need not be absolute if the claimant has “suffered the permanent loss of use of the injured bodily member for all practical intents and purposes”). Wyrick urges that if Dr. Middaugh had used the correct legal standard, she might have reached a different conclusion.
{¶ 22} The court of appeals agreed with its magistrate’s conclusion that “when read as a whole, Dr. Middaugh’s failure to use the word ‘practical’ does not constitute use of an incorrect legal standard or misapplication of Alcoa. ‘ “Nothing in Alcoa suggests that the talismanic use of the phrase ‘for all practical purposes’ is required in determining a loss of use claim.” ’ ” 2012-Ohio-4127, 2012 WL 3962375, ¶ 7, quoting State ex rel. Kish v. Kroger Co., 10th Dist. Franklin No. *470 10AP-882, 2011-Ohio-5766, 2011 WL 5460251, ¶ 13, quoting State ex rel. Wheeling-Pittsburgh Steel Corp. v. Indus. Comm., 10th Dist. Franklin No. 06AP-43, 2007-Ohio-757, 2007 WL 549469, ¶ 4.
{¶ 23} And the majority here agrees with the appellate court that Dr. Mid-daugh’s failure to use the word “practical” did not render her opinion flawed. Majority opinion at ¶ 12. Nevertheless, it proceeds to reexamine and interpret Dr. Middaugh’s findings as inconsistent with her ultimate opinion, concluding that her report “cannot constitute some evidence to support the commission’s decision because her conclusion that Wyrick’s arm retains ‘significant remaining function’ is inconsistent with the findings of her physical examination and her observations.” Majority opinion at ¶ 12. The problem here is that the majority essentially has reweighed the evidence and improperly substituted its findings for that of the Industrial Commission in concluding that Dr. Middaugh’s report is inconsistent.
{¶ 24} Notwithstanding the majority’s view, Dr. Middaugh’s findings are not inconsistent with her ultimate conclusion. In her report, Dr. Middaugh acknowledges “clear loss of use of the entire rotator cuff relative to the left shoulder,” but concludes based on all the information available to her that Wyrick “has significant remaining function of his left upper extremity” and that the objective evidence did not support the conclusion that his arm is “useless for all purposes.”
{¶ 25} In this case, after evaluating the weight and credibility of the evidence before it, the commission determined Dr. Middaugh’s opinion to be persuasive and relied on it, and her report is some evidence that supports the commission’s decision to deny compensation. Such a determination does not constitute an abuse of discretion.
{¶ 26} It is the exclusive responsibility of the commission to assess the weight and credibility of the evidence, and our limited role in reviewing the commission’s order is to determine whether there is some evidence in the record to support the commission’s stated basis for its decision. State ex rel. Burley, 31 Ohio St.3d at 20-21, 508 N.E.2d 936. If there is some evidence, we must defer to the commission’s determination even if there is other evidence that supports a decision contrary to that of the commission. State ex rel. Pass v. C.S.T. Extraction Co., 74 Ohio St.3d 373, 376, 658 N.E.2d 1055 (1996).
{¶ 27} I believe that Dr. Middaugh relied on the appropriate legal standard when rendering her medical opinion in this matter. Furthermore, I believe that her report constituted evidence that supported the commission’s decision to deny compensation. Thus, the commission did not abuse its discretion when it denied the request of Charles G. Wyrick for benefits for the loss of use of his left arm. I would affirm the judgment of the court of appeals.
Kennedy and French, JJ., concur in the foregoing opinion.
*471 Butkovich & Crosthwaite Co., L.P.A., Joseph A. Butkovich, and Dana R. Lambert, for appellant.
Michael DeWine, Attorney General, and Patsy A. Thomas, Assistant Attorney General, for appellee Industrial Commission.