[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Manpower of Dayton, Inc. v. Indus. Comm.*, Slip Opinion No. 2016-Ohio-7741.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-7741

THE STATE EX REL. MANPOWER OF DAYTON, INC., APPELLANT, *v*. INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Manpower of Dayton, Inc. v. Indus. Comm.*, Slip Opinion No. 2016-Ohio-7741.]

*Workers' compensation—Permanent total disability—Commission's decision supported by some evidence in record, specifically states evidence relied upon, and explains reasoning—Court of appeals' judgment denying writ of mandamus affirmed.*

(No. 2015-1347—Submitted August 30, 2016—Decided November 16, 2016.)

APPEAL from the Court of Appeals for Franklin County,

No. 14AP-376, 2015-Ohio-2650.

_____

**Per Curiam.**

{¶ 1} Appellant, Manpower of Dayton, Inc. ("Manpower"), appeals the judgment of the Tenth District Court of Appeals denying its request for a writ of

mandamus that would compel appellee Industrial Commission to vacate its award of permanent-total-disability compensation to appellee Inge Fox.

{¶ 2} The court of appeals concluded that the reports of Kenneth J. Manges, Ph.D., James T. Lutz, M.D., and Thomas W. Heitkemper, Ph.D., constituted some evidence supporting the commission's order awarding compensation and that the order complied with the requirements of *State ex rel. Noll v. Indus. Comm.*, 57 Ohio St.3d 203, 567 N.E.2d 245 (1991), syllabus, to "specifically state what evidence has been relied upon, and briefly explain the reasoning for [the commission's] decision."

{¶ 3} For the reasons that follow, we affirm the judgment of the court of appeals.

{¶ 4} In 2006, Fox injured her left arm and hand in the course and scope of her employment with Manpower. Her workers' compensation claim was allowed for various medical and psychological conditions. In 2013, Fox applied for permanent-total-disability compensation. In support of her application, she submitted two reports from Dr. Manges, a psychologist and a vocational expert, both dated July 10, 2012.

{¶ 5} Drs. Lutz and Heitkemper examined Fox on behalf of the commission. Both determined that Fox had reached maximum medical improvement and was incapable of engaging in "sustained remunerative employment."

{¶ 6} The commission granted Fox's application based on the reports of Drs. Manges, Lutz, and Heitkemper. The order stated that because Fox's inability to work was based solely on the medical impairment caused by her allowed conditions, it was not necessary to discuss her nonmedical disability factors, such as age, education, skills, and work record, *see State ex rel. Stephenson v. Indus. Comm.*, 31 Ohio St.3d 167, 172-173, 509 N.E.2d 946 (1987).

**{¶ 7}** Manpower filed a complaint in mandamus in the Tenth District Court of Appeals, claiming that the commission abused its discretion by entering an order not supported by the evidence in the record. The court of appeals concluded that the commission did not abuse its discretion and denied Manpower's request for a writ.

**{¶ 8}** This matter is before this court on Manpower's appeal as of right.

**{¶ 9}** To be entitled to the extraordinary remedy of mandamus, Manpower must establish a clear legal right to the relief requested, a clear legal duty on the part of the commission to provide the relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Gen. Motors Corp. v. Indus. Comm.*, 117 Ohio St.3d 480, 2008-Ohio-1593, 884 N.E.2d 1075, ¶ 9.

**{¶ 10}** Manpower argues that the court of appeals erred in its analysis of the sufficiency and reliability of the evidence that the commission relied upon. In particular, Manpower contends that the impairment report of Dr. Manges focused on nonmedical factors to support his opinion that Fox was disabled. Manpower also argues that Dr. Lutz's report was equivocal regarding Fox's physical capabilities and that Dr. Heitkemper's report did not constitute evidence that supported the commission's decision. Finally, Manpower contends that the commission's order failed to specifically state the evidence relied upon and to briefly explain its reasoning, in violation of *Noll*, 57 Ohio St.3d 203, 567 N.E.2d 245.

**{¶ 11}** This court must determine whether there is some evidence in the record to support the commission's decision. *State ex rel. Avalon Precision Casting Co. v. Indus. Comm.*, 109 Ohio St.3d 237, 2006-Ohio-2287, 846 N.E.2d 1245, ¶ 9. Questions regarding the weight and credibility of the evidence are within the commission's discretion. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165, 169, 429 N.E.2d 433 (1981). It is not the role of a reviewing court to assess the credibility of the evidence. *State ex rel. Consolidation Coal Co. v. Indus. Comm.*,

78 Ohio St.3d 176, 177, 677 N.E.2d 338 (1997). So long as the commission's order is supported by some evidence, there is no abuse of discretion and a court must uphold the decision. *State ex rel. Pass v. C.S.T. Extraction Co.*, 74 Ohio St.3d 373, 376, 658 N.E.2d 1055 (1996).

{¶ 12} We agree with the court of appeals that the evidence in the record supported the commission's decision to award permanent-total-disability compensation based solely on Fox's allowed conditions. The court of appeals correctly determined that Dr. Manges rendered an opinion, without consideration of nonmedical factors, that Fox was totally disabled as a direct result of her impairments from her industrial injury based on her psychological conditions. *See* 2015-Ohio-2650, ¶ 52-53.

{¶ 13} We also agree with the appellate court's determination that Dr. Lutz's description of Fox's activities of daily living did not contradict his conclusion that she was unable to work. *See id.* at ¶ 67-71. Dr. Lutz acknowledged that Fox was capable of performing some light housecleaning, cooking, and laundry, but he also noted that she had undergone three surgical procedures and described constant pain with frequent episodes of severe flareups that rendered her functionless.

{¶ 14} Manpower's argument challenging the evidentiary value of Dr. Heitkemper's report also lacks merit. Dr. Heitkemper's use of the word "medical" when rendering his opinion within a reasonable degree of "medical/psychological probability" did not invalidate his opinion. Ohio Adm.Code 4121-3-34(C)(1) states that a psychologist may provide "medical" evidence in support of an application for permanent-total-disability compensation.

{¶ 15} Finally, the commission's order granting permanent-total-disability compensation specifically set forth the medical reports and evidence relied upon and explained the reasoning for the decision in compliance with *Noll*, 57 Ohio St.3d

203, 567 N.E.2d 245, at syllabus. Manpower failed to demonstrate that it was entitled to extraordinary relief in mandamus.

{¶ 16} We affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

————————

Coolidge Wall Co., L.P.A., David C. Korte, Michelle D. Bach, and Joshua R. Lounsbury, for appellant.

Michael DeWine, Attorney General, and Patsy A. Thomas, Assistant Attorney General, for appellee Industrial Commission.

Hochman & Plunkett Co., L.P.A., and Gary D. Plunkett, for appellee Inge Fox.

————————