[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Witt v. Indus. Comm.,* Slip Opinion No. 2018-Ohio-1693.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-1693

THE STATE EX REL. WITT, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Witt v. Indus. Comm.,* Slip Opinion No. 2018-Ohio-1693.]

*Workers' compensation—Claimant's average weekly wage incorrectly calculated, resulting in overpayment of claim—Upon discovery of error, Bureau of Workers' Compensation adjusted claimant's average weekly wage— Industrial Commission affirmed adjustment and directed bureau to recoup overpayment from claimant's future benefits—R.C. 4123.52 grants the bureau and the commission authority to exercise continuing jurisdiction— Commission may modify former findings or orders if modification is justified—Court of appeals' judgment denying writ of mandamus to compel commission to vacate its order affirmed.*

(No. 2017-0430—Submitted February 27, 2018—Decided May 2, 2018.)

APPEAL from the Court of Appeals for Franklin County, No. 15AP-804,

2017-Ohio-554.

_____

**Per Curiam.**

{¶ 1} This is an appeal from the denial of a writ of mandamus in a workers' compensation matter. Prior to filing his complaint for a writ of mandamus, appellant, Billy R. Witt Jr., appealed a decision of the Bureau of Workers' Compensation recalculating his full weekly wage ("FWW") and average weekly wage ("AWW"). Appellee Industrial Commission upheld the recalculation and instructed the bureau to determine how much Witt had previously been overpaid and to recoup that amount through reduction of his future benefits.

{¶ 2} Witt then filed the above-mentioned complaint for a writ of mandamus in the Tenth District Court of Appeals, seeking to compel the commission to vacate its order retroactively adjusting his benefit rate. The court concluded that the bureau and the commission had had jurisdiction to correct the miscalculation in Witt's FWW and AWW and that the commission had not abused its discretion in upholding the bureau's adjustment of Witt's benefit rate. The court denied the writ of mandamus, and Witt appealed.

{¶ 3} For the reasons that follow, we affirm the judgment of the court of appeals.

**Facts and Procedural History**

{¶ 4} On July 2, 1997, Witt was injured in a work-related motor-vehicle accident while employed by appellee Christian Morris Construction, Inc. His workers' compensation claim was initially allowed for a concussion, contusions and open wounds, and a sprained pelvis. The commission subsequently allowed additional medical conditions.

{¶ 5} The bureau initially calculated Witt's FWW as $416.63 and his AWW as $365.86. As of January 14, 2014, based on those calculations, Witt had been paid compensation in the amount of $196,163.98.

**{¶ 6}** In January 2014, Witt applied for permanent-total-disability compensation. The commission granted the application and awarded compensation beginning November 19, 2013.

**{¶ 7}** On March 2, 2015, the bureau notified Witt that it had recalculated his FWW and AWW after discovering that Witt's benefit rates had previously been incorrectly calculated. His FWW, originally set at $416.63, was now $422.81. His AWW was adjusted from $365.86 to $263.83. The bureau's order stated that any overpayment that had resulted from the original miscalculation would be established by separate order once the wage-adjustment order was final.

**{¶ 8}** Witt appealed the bureau's order to the commission. Following a hearing, a district hearing officer affirmed the bureau's order and directed the bureau to adjust the compensation previously paid to Witt to take into account the new figures and to recoup any overpayment from Witt's future benefits. The district hearing officer rejected Witt's argument that the doctrine of laches should prevent the bureau from adjusting the rate.

**{¶ 9}** Witt appealed the district hearing officer's order. Following a hearing, a staff hearing officer modified the newly calculated AWW, increasing it from $263.83 to $325.00. The staff hearing officer directed the administrator "to adjust compensation previously paid in this claim to take into account these new figures. * * * The recoupment from any future benefits, if this creates an overpayment, is limited to the non-fraud provisions of R.C. 4123.511(K)." The staff hearing officer also rejected Witt's argument that the doctrine of laches should apply to the recoupment of the overpayment. The commission refused to hear Witt's appeal from the staff hearing officer's order.

**{¶ 10}** Witt filed a complaint for a writ of mandamus in the Tenth District Court of Appeals, alleging that the bureau lacked statutory authority to exercise continuing jurisdiction over his claim and that the commission's decision to

retroactively adjust his benefits was unsupported by law and was an abuse of discretion.

{¶ 11} In the court of appeals, a magistrate determined that the bureau did not have statutory authority to issue its order and that the court should issue a writ of mandamus ordering the commission to vacate its order adjusting the benefit rates and to enter a new order holding that the bureau did not have jurisdiction to issue its March 2, 2015 order.

{¶ 12} The commission filed objections to the magistrate's decision. First, the commission argued that the magistrate had erred in concluding that the bureau lacked authority to recalculate Witt's FWW and AWW. Second, the commission argued that the magistrate had erred in concluding that the bureau must file an application for either the bureau or the commission to exercise continuing jurisdiction pursuant to R.C. 4123.52. And third, the commission maintained that the magistrate had misinterpreted *State ex rel. Drone v. Indus. Comm.*, 93 Ohio St.3d 151, 753 N.E.2d 185 (2001).

{¶ 13} The court of appeals sustained the second and third objections, determined that the first objection was moot, and denied the writ of mandamus. The court concluded that the bureau and the commission had continuing jurisdiction to correct a miscalculation of an injured worker's FWW and AWW and that there was no statutory requirement that the bureau first file a motion to do so. The court noted that *Drone* recognized that the bureau may sua sponte exercise its continuing jurisdiction to correct a mistake and need not apply for permission to act. 2017-Ohio-554, ¶ 17, citing *Drone* at 154. Thus, the court of appeals concluded that the commission had not abused its discretion.

{¶ 14} This matter is before the court on Witt's appeal as of right.

**Legal Analysis**

{¶ 15} To be entitled to extraordinary relief in mandamus, Witt must establish a clear legal right to the relief requested, a clear legal duty on the part of

4

the commission to provide it, and the lack of an adequate remedy at law. *See State ex rel. Manpower of Dayton, Inc. v. Indus. Comm*., 147 Ohio St.3d 360, 2016-Ohio-7741, 65 N.E.3d 751, ¶ 9. So long as the commission exercises its discretion soundly and within legal bounds, mandamus is not an appropriate remedy. *State ex rel. Goodyear Tire & Rubber Co. v. Indus. Comm*., 38 Ohio St.2d 57, 62, 310 N.E.2d 240 (1974).

**{¶ 16}** Workers' compensation benefits are paid based on the FWW and the AWW of the injured worker. R.C. 4123.61. The first 12 weeks of temporary-total-disability compensation are based upon the injured worker's FWW at the time of the injury. *Id.* If the injured worker is still entitled to compensation after 12 weeks of missed work, benefits are paid based on the injured worker's AWW, *id.*, a rate designed to provide a fair basis for an award for the loss of future compensation, *State ex rel. Wireman v. Indus. Comm*., 49 Ohio St.3d 286, 287, 551 N.E.2d 1265 (1990). The two dominant considerations when calculating an AWW are that the AWW provide "substantial justice" to the claimant and that it not provide a windfall. *Id.*

**{¶ 17}** Witt challenges the bureau's authority to adjust his previously paid compensation beyond a two-year look-back period from the date it recalculated his FWW and AWW. Witt argues that the bureau was required to file a motion or application for permission to adjust his compensation, but instead, the bureau issued an order in an attempt to exercise continuing jurisdiction. According to Witt, the bureau lacked authority under R.C. 4123.52.

**{¶ 18}** Witt also argues that because R.C. 4123.52 authorizes only the commission to modify former orders, the bureau should have requested a hearing to determine whether the commission had grounds to exercise its continuing jurisdiction in this matter. Witt also contends that the commission failed to exercise its continuing jurisdiction within a reasonable time.

**{¶ 19}** Appellees maintain that both the bureau and commission have authority pursuant to R.C. 4123.52(A) to exercise continuing jurisdiction over claims and that the statute does not require the bureau to file a motion or application in advance. The commission also maintains that Witt did not raise the question of continuing jurisdiction at the administrative level and thus he forfeited the issue. Finally, the commission contends that it heard this matter on Witt's appeal from the bureau's decision in the normal course under R.C. 4123.511, not by exercising continuing jurisdiction.

**{¶ 20}** Witt focuses the majority of his argument on whether the bureau and/or the commission properly exercised continuing jurisdiction, an issue that neither the district hearing officer nor the staff hearing officer addressed. Thus, it does not appear to have been raised during the administrative proceedings before the commission. Nevertheless, Witt relies on the following provisions of R.C. 4123.52:

> (A) The jurisdiction of the industrial commission and the authority of the administrator of workers' compensation over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. * * * The commission shall not make any modification, change, finding, or award which shall award compensation for a back period in excess of two years prior to the date of filing application therefor.
>
> * * *
>
> (D) This section does not affect the right of a claimant to compensation accruing subsequent to the filing of any such application, provided the application is filed within the time limit provided in this section.

{¶ 21} The court of appeals determined that there is no statutory requirement that the bureau file a motion to correct a calculation error. The court also inferred from our decision in *Drone* that the bureau may sua sponte exercise its continuing jurisdiction to correct a mistake without applying for permission to act. 2017-Ohio-554, at ¶ 17, citing *Drone*, 93 Ohio St.3d at 154, 753 N.E.2d 185. Thus, the court of appeals concluded that the bureau had continuing jurisdiction to correct the miscalculation in Witt's FWW and AWW and that the commission did not abuse its discretion when it upheld the bureau's adjustment of Witt's benefit rate.

{¶ 22} We agree.

{¶ 23} The plain language of R.C. 4123.52 grants authority to both the bureau and the commission to exercise continuing jurisdiction over a case, and the commission may modify former findings or orders if a modification is justified. R.C. 4123.52 does not require the bureau to file an application in order to exercise its authority. *Drone* supports this conclusion.

{¶ 24} *Drone* involved the bureau's recalculation of the claimant's AWW that revealed that for years, the claimant had received less compensation than she had been entitled to receive. The bureau sua sponte issued an order adjusting the amount of the claimant's compensation, but it limited the adjustments to the compensation she had received within two years of the bureau's discovery of the error. The claimant appealed the bureau's order to the commission, claiming that the adjustments should be made to all the compensation she had received. A staff hearing officer affirmed the bureau's decision.

{¶ 25} The claimant filed a complaint for a writ of mandamus, alleging that the commission and the bureau abused their discretion when they refused to adjust all the compensation she had received. The court of appeals agreed and issued a writ compelling the commission to pay the claimant all the compensation she would

have received if the AWW had initially been calculated correctly less the amount she actually did receive. This court affirmed the court of appeals' judgment.

{¶ 26} The question in *Drone* was how far back the adjustment should apply. The pertinent portion of R.C. 4123.52 states: "The commission shall not make any modification, change, finding, or award which shall award compensation for a back period in excess of two years *prior to the date of filing application therefor*." (Emphasis added.) R.C. 4123.52(A).

{¶ 27} We determined in *Drone* that the statute of limitations set forth in R.C. 4123.52 is not triggered unless an application to modify is filed. We also determined that the bureau may sua sponte exercise its continuing jurisdiction to correct a mistake and issue an order without filing an application. *Id*., 93 Ohio St.3d at 154, 753 N.E.2d 185. Consequently, we held that because the bureau had not filed an application to modify in that case, the two-year limitation period was never triggered and did not apply.

{¶ 28} Here, as in *Drone*, the bureau did not file an application but simply issued an order indicating its recalculations, so, as in *Drone*, the two-year limitation period was not triggered. Although *Drone* involved underpayments and this case involves overpayments, that difference has no effect on R.C. 4123.52's grant of continuing authority to recalculate the wage rate. Witt's arguments that the bureau lacked authority because it failed to file an application lack merit.

{¶ 29} In addition, Witt attempts to raise a laches defense by arguing in his brief that the bureau's 18-year delay in recalculating his benefit rate was unreasonable. But Witt failed to raise this issue in his complaint for a writ of mandamus in the court of appeals. Therefore, he has forfeited that defense. *State ex rel. Spencer v. E. Liverpool Planning Comm*., 80 Ohio St.3d 297, 299, 685 N.E.2d 1251 (1997) ("In nonelection cases, laches is an affirmative defense which must be raised or else it is waived").

**{¶ 30}** Witt failed to demonstrate a clear legal right to the relief requested or a clear legal duty on the part of the commission to provide it. Therefore, the court of appeals properly denied his request for a writ of mandamus. We affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

KENNEDY, J., concurs in judgment only.

_____

Law Office of Thomas Tootle and Thomas Tootle, for appellant.

Michael DeWine, Attorney General, and Kevin J. Reis, Assistant Attorney General, for appellee Industrial Commission.

Robert W. Bright, for appellee Christian Morris Construction, Inc.

_____