THE STATE EX REL. ABEX CORPORATION, APPELLANT, *v.*
INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Abex Corp. v. Indus.
Comm.* (1995), 74 Ohio St.3d 125.]

(No. 94–952—Submitted October 10, 1995—Decided November 29, 1995.)

*Porter, Wright, Morris & Arthur, Darrell R. Shepard* and *Christopher C. Russell,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Yolanda L. Barnes,* Assistant Attorney General, for appellee Industrial Commission.

*Livorno & Arnett* and *John F. Livorno,* for appellee Akers.

*Per Curiam.* The disputed order states:

" * * * The Employer's Motion for a peer review is denied as the motion *was not supported by medical or other evidence.*

"The Board also finds that the reports of Doctor John W. Leist and Dr. Richard F. Stahr support the treatment being provided * * *."

The emphasized language can be interpreted one of two ways. It can be read as saying that Abex presented no evidence on behalf of its motion. Conversely, the order can be viewed as finding that Abex did submit evidence, but that upon review it was found not to be probative.

Resolution turns on which interpretation is correct. If it is the former, the board erred. The reports of Drs. Drew and Starr were asserted and argued on Abex's behalf. If the second interpretation is adopted, the order must be upheld. Evidentiary weight and credibility are the commission's province. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936.

Where an order is capable of two or more equally valid interpretations, a reviewing court generally should not speculate as to what the commission meant. Instead, "[a]n order of the Industrial Commission which is not sufficiently specific for the Supreme Court to review without searching the record will be remanded to the commission for clarification." *State ex rel. Gen. Motors Corp. v. Indus. Comm.* (1988), 35 Ohio St.3d 105, 518 N.E.2d 1194, paragraph two of the syllabus.

Moreover, where there is a legitimate question as to whether all relevant evidence has been considered, the cause should be returned for clarification and amended order. *State ex rel. Fultz v. Indus. Comm.* (1994), 69 Ohio St.3d 327, 631 N.E.2d 1057. In this case, the possibility that the board erroneously believed that Abex submitted no evidence raises a legitimate question as to the board's awareness of the Starr and Drew reports.

Accordingly, the judgment of the court of appeals is reversed, and the cause returned to the commission for further consideration and amended order.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.