THE STATE EX REL. SCOULER, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Scouler v. Indus. Comm.,* 119 Ohio St.3d 276, 2008-Ohio-3915.]

(No. 2007–1212—Submitted May 6, 2008—Decided August 12, 2008.)

**Per Curiam.**

{¶ 1} Appellee Industrial Commission of Ohio denied appellant, Dennis C. Scouler, temporary total disability compensation after January 27, 2005, on grounds that medical evidence of his disability was lacking and that he voluntarily abandoned his employment. The court of appeals, through its magistrate, found significant problems with the commission's voluntary-abandonment analysis and ordered further consideration. None of the litigants oppose that decision. The parties do, however, differ on the question of medical proof of disability, and that is the issue now before us.

{¶ 2} Scouler was injured while working for his self-insured employer, appellee Big Lots Stores, Inc., in July 2004. After Big Lots certified that Scouler's claim for a cervical strain and sprain was valid, it began paying for treatment. Scouler's treatment initially allowed him to remain at his former position of employment. But persistent symptoms eventually prompted Dr. Paul R. Gutheil, Scouler's attending physician, to impose physical restrictions on him that prevented a return to his former position of employment. Those restrictions remained in place for the balance of the period in controversy.

{¶ 3} In October 2004, Big Lots offered Scouler a light-duty job consistent with his physical restrictions, and Scouler returned immediately. He continued at that light-duty job until December 26, 2004, when he was arrested for a domestic dispute. In the wake of that incident, Mrs. Scouler reported to Big Lots that her husband had fabricated the claim to cover an injury that occurred at home, not at work. She later recanted, but for the next several months, claim activity essentially stopped as Big Lots withdrew its claim certification and sought to have the claim disallowed.

{¶ 4} On September 9, 2005, the commission allowed the claim for cervical strain and sprain, concluding that it was legitimate. Scouler then resumed treatment with Dr. Gutheil. Shortly thereafter, Scouler applied for temporary total disability compensation retroactive to January 27, 2005. In addition to several C–84 request-for-benefits forms, he also submitted an October 7, 2005 questionnaire completed by Dr. Gutheil. On it, Dr. Gutheil responded yes to these two inquiries:

{¶ 5} "At the time of your evaluation of Mr. Scouler on February 4, 2005, did you feel that he still remained disabled from his original position of employment as a fork lift operator?

{¶ 6} "Based on a reasonable medical probability, do you feel that his work restrictions related to this injury have been in effect limiting him in his employment capabilities continuously for the period of October 21, 2004 through the present time?"

{¶ 7} During the commission hearings, the parties disputed the reason why Scouler had not received treatment during the time that Big Lots had sought to withdraw its claim certification and the effect of the lack of contemporaneous evidence of Scouler's disability. Big Lots argued that the lack of treatment showed that Scouler's condition was not severe enough to be disabling. Scouler responded that Big Lots had refused to authorize any treatments due to its new belief that his claim was fraudulent. A staff hearing officer denied compensation:

{¶ 8} "Temporary total disability compensation is firstly denied based on the insufficiency of the medical evidence. The C–84 submitted in support of this motion is from Dr. Gutheil, dated 10/04/2005, and covering a temporary total disability request from 09/20/2005 to 11/18/2005 * * *. Therefore, there is no C–84 to cover the period of time from 01/27/2005 to 09/19/2005. The injured worker submits that the medical release of Dr. Gutheil dated 12/06/2004 and indicating work ability with restrictions is sufficient for the reason that this medical release is indicative of an inability to return to the injured worker['s] former position of employment.

{¶ 9} "Dr. Gutheil next examined the injured worker on 09/20/2005. The injured worker submitted that there was no treatment in the interim, between the medical release of Dr. Gutheil and the 09/20/2005 office visit because the self-insured employer refused to authorize any treatment. The Staff Hearing Officer was persuaded by the employer's argument that there was no request for treatment over this time period. * * * The evidence on file indicates that the injured worker had an office visit on 03/03/2005 with Dr. Mullin, which office visit referred to a non-allowed cervical disc condition as does the C–84 form. * * *

{¶ 10} "Two EMGs on file were both normal and therefore the injured worker has not met his burden of proof that he had any need for treatment over this time period, or that he indeed had any treatment over this period of temporary total disability compensation requested from 01/27/2005.

{¶ 11} "* * *

{¶ 12} "All relevant evidence was reviewed and considered."

{¶ 13} Scouler filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in denying compensation. The court of appeals agreed in part. Speaking through its magistrate, the court held that the commission did not abuse its discretion in

denying the specific closed period of temporary total disability compensation requested for lack of medical evidence.

{¶ 14} Scouler now appeals to this court as of right.

{¶ 15} Two facets of the commission's medical analysis concern us. The first is the staff hearing officer's statement that one of the C–84s of record referred to a nonallowed condition. This is not borne out by our review and is of concern because it erroneously suggests that Scouler's own doctor attributed disability, in part, to a nonallowed condition, which he did not do.

{¶ 16} The second concern relates to the commission's lack of reference to Dr. Gutheil's questionnaire. Under most circumstances, such an omission would be inconsequential. As appellees correctly indicate, the commission need only enumerate the evidence relied upon to reach its decision. *State ex rel. Mitchell v. Robbins & Myers, Inc.* (1983), 6 Ohio St.3d 481, 483–484, 6 OBR 531, 453 N.E.2d 721. The commission is not required to list or cite evidence that has been considered and rejected or explain why certain evidence was deemed unpersuasive. *State ex rel. DeMint v. Indus. Comm.* (1990), 49 Ohio St.3d 19, 20, 550 N.E.2d 174.

{¶ 17} There is, however, an important exception to this general rule. When the commission, for whatever reason, elects to list all evidence before it, but omits a particular document from that recitation, we will presume that the document was overlooked. *State ex rel. Fultz v. Indus. Comm.* (1994), 69 Ohio St.3d 327, 329, 631 N.E.2d 1057. If that document could influence the outcome of the matter in question, we will return the matter to the commission for further consideration. Id.

{¶ 18} The order now at issue does not contain an actual itemized list of the evidence as *Fultz* did. Nevertheless, the order states, "All relevant evidence was reviewed and considered." In addition, the order did discuss all of the evidence presented except for Dr. Gutheil's questionnaire. We consider this to be significant, because the tenor of the commission's order is that there is no evidence that certifies disability before September 20, 2005. But Dr. Gutheil's responses do allege disability prior to that date, so it is important that the commission also consider that document.

{¶ 19} Accordingly, that portion of the court of appeals' judgment that upheld the commission's evidentiary determination is hereby reversed, and the commission is ordered to reconsider its order on that issue.

Judgment reversed
and writ granted.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

Larrimer & Larrimer and Thomas L. Reitz, for appellant.

Schottenstein, Zox & Dunn, L.P.A., William J. Barath, and Jennifer M. McDaniel, for appellee Big Lots Stores, Inc.

Nancy Hardin Rogers, Attorney General, and Sandra E. Pinkerton, Assistant Attorney General, for appellee Industrial Commission.