[Cite as *State ex rel. Roxbury v. Indus. Comm.,* 138 Ohio St.3d 91, 2014-Ohio-84.]

THE STATE EX REL. ROXBURY, APPELLANT, *v.* INDUSTRIAL COMMISSION OF
OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Roxbury v. Indus. Comm.,* 138 Ohio St.3d 91,
2014-Ohio-84.]

*Workers' compensation—Temporary-total-disability compensation—Voluntary*
*abandonment of the work force—Claimant maintained physical ability to*
*perform sedentary work—Court of appeals' judgment denying a writ of*
*mandamus affirmed.*

(No. 2012-0815—Submitted October 8, 2013—Decided January 15, 2014.)

APPEAL from the Court of Appeals for Franklin County, No. 11AP-125,
2012-Ohio-1310.

_____

**Per Curiam**.

{¶ 1} Appellant, Delores M. Roxbury, appeals the judgment of the court
of appeals denying her request for a writ of mandamus that would require the
Industrial Commission to award her temporary-total-disability compensation
based on her allowed psychological condition.

{¶ 2} Because the commission did not abuse its discretion when it
concluded that Roxbury's lack of earnings was not due to her psychological
condition and that her failure to seek other employment or pursue vocational
rehabilitation was evidence that she had voluntarily abandoned the workforce, we
affirm the judgment of the court of appeals.

{¶ 3} Roxbury was injured while working on September 21, 2004. Her
claim was originally allowed for lumbar sprain and related injuries. She collected
temporary-total-disability compensation until July 10, 2006, when the
commission concluded that her physical injuries had reached maximum medical

improvement ("MMI").[1]   She withdrew an appeal of that decision before a hearing was held.

{¶ 4}   A year later, Roxbury filed a motion to add a psychological condition to her claim.  At the same time, she requested temporary-total-disability compensation as a result of the condition.  On her application, Roxbury indicated that she had not worked since her injury in 2004 and that she was currently receiving Social Security disability benefits.   She submitted the report of Raymond Richetta, Ph.D., of Weinstein & Associates, Inc., in support of her application.

{¶ 5}   On November 14, 2007, a hearing officer approved the additional condition of "dysthymic disorder, late onset," but denied temporary-total-disability compensation.   The hearing officer relied on the opinion of Walter Belay, Ph.D., who had conducted an independent medical examination of Roxbury.   Dr. Belay described Roxbury's symptoms as mild depression.   He agreed with the diagnosis of dysthymic disorder but stated that in his opinion, she was not temporarily and totally disabled as a result of that disorder.

{¶ 6}   After the commission denied compensation for temporary total disability for the psychological condition, Roxbury filed for permanent-total-disability compensation based on her allowed physical and psychological conditions.   In April 2009, the commission denied her request, finding that none of her allowed conditions rendered her totally unable to work, the necessary threshold for permanent total disability.   The commission concluded that Roxbury's psychological disorder had not yet reached MMI and that she maintained the physical ability to perform sedentary work.

---

1. "Maximum medical improvement" is defined as a treatment plateau at which no fundamental change is expected within a reasonable medical probability in spite of continuing medical or rehabilitative procedures.  Ohio Adm.Code 4121-3-32(A)(1).

**{¶ 7}** On July 16, 2009, Roxbury consulted with Jamie Lichstein, Psy.D., who, like Dr. Richetta, was affiliated with Weinstein & Associates. Dr. Lichstein evaluated Roxbury for temporary-total-disability compensation for her psychological condition.

**{¶ 8}** Roxbury filed a request for temporary-total-disability compensation supported by Dr. Lichstein's opinion. A staff hearing officer awarded temporary-total-disability compensation. The full commission granted reconsideration and, upon further review, denied her request for compensation. The commission concluded that there was insufficient evidence that Roxbury was disabled as a result of the allowed psychological condition. The commission rejected Dr. Lichstein's opinion because the doctor had not reviewed all the relevant prior medical evidence before retrospectively certifying that Roxbury had been temporarily and totally disabled as a result of her psychological condition since November 2007. The commission determined that Roxbury had voluntarily abandoned the entire workforce and thus the claimed period of disability was not caused by the allowed conditions.

**{¶ 9}** Roxbury filed a complaint seeking a writ of mandamus. The court of appeals concluded that the commission did not abuse its discretion when it failed to award temporary-total-disability compensation and denied the writ.

**{¶ 10}** Roxbury filed an appeal of right.

**{¶ 11}** To be entitled to temporary-total-disability compensation, a claimant must establish a causal relationship between the industrial injury and any loss of earnings. *State ex rel. McCoy v. Dedicated Transport, Inc.*, 97 Ohio St.3d 25, 2002-Ohio-5305, 776 N.E.2d 51, ¶ 35. But a claimant who is no longer part of the workforce for reasons not related to the allowed conditions of the industrial claim is not eligible for temporary-total-disability compensation. *State ex rel. Pierron v. Indus. Comm.*, 120 Ohio St.3d 40, 2008-Ohio-5245, 896 N.E.2d 140, ¶ 9. This is a question of fact for the commission to determine. *Id.* at ¶ 10.

**{¶ 12}** Roxbury maintains that she did not voluntarily abandon the workforce but that she has been physically unable to return to work since 2004, due to her industrial injury, and thus she is entitled to an award of temporary-total-disability compensation.

**{¶ 13}** But the evidence before the commission demonstrated that Roxbury was physically capable of performing sedentary work and that her psychological condition was not disabling. In a 2006 order, the commission determined that Roxbury's physical injuries had reached MMI. Roxbury did not pursue an appeal of that finding. And in 2009, the commission denied compensation for permanent total disability, finding that Roxbury remained physically capable of sedentary work and that the allowed psychological condition of her industrial claim was not disabling. There was no evidence that Roxbury sought other work or attempted vocational rehabilitation. Consequently, the commission did not abuse its discretion when it concluded that Roxbury was no longer a part of the labor market and that her lack of earnings was not the result of her psychological condition.

**{¶ 14}** Roxbury also challenges the commission's rejection of Dr. Lichstein's retroactive opinion of disability. Because she did not object to this conclusion of law in the court below, 2012-Ohio-1310, ¶ 3, this argument is waived. *State ex rel. Wilson v. Indus. Comm.*, 100 Ohio St.3d 23, 2003-Ohio-4832, 795 N.E.2d 662, ¶ 4. However, even if waiver did not apply, this argument lacks merit.

**{¶ 15}** Before a doctor issues a report that is not based on an examination performed contemporaneously with the claimed period of disability, the doctor must review all the relevant medical evidence generated prior to the examination. *State ex rel. Bowie v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 458, 460, 663 N.E.2d 926 (1996). If the doctor failed to do so, the doctor's opinion is not evidence upon which the commission may rely. *Id*. at 461.

**{¶ 16}** Here, Dr. Lichstein examined Roxbury in July 2009 but retroactively certified her disability to 2007. Dr. Lichstein indicated in her report that she had reviewed Roxbury's treatment by others within her practice group, but she failed to mention reviewing reports of other examining physicians. Thus, it was within the commission's discretion to conclude that Dr. Lichstein's opinion was not sufficient evidence to support Roxbury's request for temporary-total-disability compensation.

**{¶ 17}** Roxbury has failed to demonstrate that the commission abused its discretion when it denied her request for temporary-total-disability compensation, and the court of appeals properly denied mandamus relief. Therefore, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Nager, Romaine & Schneiberg Co., L.P.A., Jennifer L. Lawther, Jerald A. Schneiberg, and Stacy M. Callen, for appellant.

Michael DeWine, Attorney General, and Kevin J. Reis, Assistant Attorney General, for appellee Industrial Commission.

Andrews & Wyatt, L.L.C., Thomas R. Wyatt, and Jerry P. Cline, for appellee Catholic Healthcare Partners, Inc.

_____