THE STATE EX REL. METZ, APPELLEE AND CROSS-APPELLANT,
*v.* GTC, INC., APPELLEE; INDUSTRIAL COMMISSION OF
OHIO, APPELLANT AND CROSS-APPELLEE.

[Cite as *State ex rel. Metz v. GTC, Inc.*, 142
Ohio St.3d 359, 2015-Ohio-1348.]

(No. 2013–0509—Submitted January 13, 2015—Decided April 9, 2015.)

**Per Curiam.**

{¶ 1} Appellant and cross-appellee, the Industrial Commission of Ohio, appeals the judgment of the Tenth District Court of Appeals granting a limited writ of mandamus that ordered the commission to clarify the opinion of Karl V. Metz, M.D., or to obtain additional medical evidence. The commission relied on Dr. Metz's opinion to deny the application of appellee and cross-appellant, Joseph Metz ("claimant"), for permanent-total-disability compensation.

{¶ 2} We find that the court of appeals erred when it granted the limited writ, because its decision was based on speculation that there was a possible conflict in

Dr. Metz's report between the finding that the claimant was unable to perform repetitive lifting and the finding that he was capable of performing sedentary employment. Consequently, we reverse the judgment of the court of appeals, and we deny the writ.

{¶ 3} The claimant was injured at work on May 13, 2005, and has not worked since that day. His workers' compensation claim was allowed for the following conditions: sprain of the neck and thoracic region, sprain or strain of the left trapezius muscle, left C6–7 herniated disc and protrusion, supraspinatus tendonopathy of the left shoulder, acromioclavicular joint hypertrophy on the left, impingement of the left shoulder, and recurrent major depressive disorder.

{¶ 4} In August 2007, the claimant applied for permanent-total-disability benefits. The commission denied his application. On February 15, 2011, the claimant filed a second application supported by letters from his treating physician and a report from a psychologist. He was then 45 years old.

{¶ 5} In response, the commission submitted a report from Dr. Metz (the doctor is not related to the claimant), who examined the claimant and concluded that his medical conditions had reached maximum medical improvement. Dr. Metz completed a physical-strength rating form on which he checked that the claimant was capable of sedentary work, defined on the form as the following:

> Sedentary work means exerting up to ten pounds of force occasionally (occasionally: activity or condition exists up to one-third of the time) and/or a negligible amount of force frequently (frequently: activity or condition exists from one-third to two-thirds of the time) to lift, carry, push, pull or otherwise move objects. Sedentary work involves sitting most of the time, but may involve walking or standing for brief periods of time. Jobs are sedentary if walking and standing are required only occasionally and all other sedentary criteria are met.

Dr. Metz further stated that it was his opinion, "within reasonable medical probability, that Mr. Metz is capable of returning to work in a sedentary capacity. He is unable to drive a truck, perform repetitive lifting, carrying, or bending activities."

{¶ 6} The commission also submitted a report from Steven B. Van Auken, Ph.D., who examined the claimant for purposes of his allowed psychological condition. Dr. Van Auken concluded that the claimant's depression had reached maximum medical improvement and that he was capable of working, although his

work-injury-related depressive symptoms—including diminishments in concentration, energy level, stress tolerance, and social tolerance—would limit him to work environments that offered no more than moderate demands in terms of deadline pressures, productivity requirements, the need for frequent decision-making and frequency of contact with the general public.

{¶ 7} A staff hearing officer denied permanent total disability based on the reports from Dr. Metz and Dr. Van Auken. The order stated:

Dr. Karl V. Metz * * * indicated that the [claimant's] condition has reached maximum medical improvement and that he can not [sic] return to his former position of employment, but is capable of performing sedentary work which means exerting up to 10 pounds of force frequent [sic] to lift, carry, push, pull, or otherwise move objects. * * *

Dr. Steven Van Auken, Ph.D. * * * also indicates that the [claimant's] psychiatric condition has reached maximum medical improvement, and that he can not [sic] return to his former position of employment, but would be able to return to some sustained remunerative employment that would offer him no more than moderate demands in terms of deadline pressure, and productivity requirements due to his diminished concentration, energy, and stress tolerance. * * *

* * *

Therefore, based upon the limited physical restrictions indicated by Dr. Metz, M.D. and Dr. Van Auken, Ph.D. who indicate that the [claimant] can perform sedentary work in a non-stressful, non-demanding work environment, noting [his] young age and 11th grade education, the staff hearing officer finds on a whole that the [claimant] is not permanently and totally disabled and not precluded from all sustained remunerative employment.

{¶ 8} The claimant filed a complaint for a writ of mandamus alleging that the commission abused its discretion because it failed to consider the additional restrictions placed on him in the reports of Dr. Metz and Dr. Van Auken. The case was referred to a magistrate, who determined that the commission had considered Dr. Van Auken's restrictions but had not mentioned Dr. Metz's restrictions that the claimant refrain from repetitive lifting, carrying, or bending activities. Nevertheless, the magistrate concluded that Dr. Metz's restrictions "are compatible with sedentary employment and do not rise to the level which would require the commission to provide additional analysis." 2013-Ohio-461,

2013 WL 9769243, ¶ 40. The magistrate concluded that the commission had not abused its discretion when it relied on the reports of Drs. Metz and Van Auken.

{¶ 9} The claimant filed objections to the magistrate's report. A divided court of appeals adopted the magistrate's conclusions of law regarding Dr. Van Auken's opinion but concluded that the staff hearing officer did not address the "possible tension" between Dr. Metz's restriction on repetitive lifting and the definition of sedentary work. *Id.* at ¶ 9. The court stated:

> Dr. Metz reported Joseph Metz medically unable to perform repetitive lifting. On its face, the restrictions could be construed to bar sedentary employment involving lifting up to ten pounds of force, either occasionally or frequently. That restriction means Dr. Metz has reported conflicting opinions.

*Id.* The court issued a limited writ of mandamus ordering the commission to clarify Dr. Metz's opinion or to obtain additional medical evidence.

{¶ 10} This matter is before the court on the direct appeal of the commission and on the claimant's cross-appeal.

{¶ 11} To be entitled to an extraordinary writ of mandamus, a relator must show that he or she has a clear legal right to the relief requested and that the commission has a clear legal duty to provide such relief. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph nine of the syllabus. A clear legal right to a writ of mandamus exists when the relator shows that the commission abused its discretion by entering an order that is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76, 497 N.E.2d 70 (1986).

{¶ 12} The commission argues that the court of appeals erred in concluding that there was a "possible tension" in Dr. Metz's report that "could be construed" to bar sedentary employment. The commission maintains that Dr. Metz's medical report was not inherently inconsistent, the restrictions imposed in that report did not conflict with the definition of sedentary work, and it had considered all the evidence before it, including the restrictions imposed by Dr. Metz.

{¶ 13} The claimant, citing *State ex rel. Seitaridis v. Indus. Comm.*, 10th Dist. Franklin No. 10AP–494, 2011-Ohio-3593, 2011 WL 2905581, argues that the commission was required to make certain that the specific restrictions imposed by Dr. Metz did not contradict his conclusion that the claimant was able to perform sedentary work. The claimant maintains that the court properly remanded the case to the commission for clarification.

{¶ 14} In any order granting or denying benefits requested by a claimant, the commission must specifically state the evidence that it relied upon and briefly explain the reasoning for its decision. *State ex rel. Noll v. Indus. Comm.,* 57 Ohio St.3d 203, 567 N.E.2d 245 (1991), syllabus. The commission is not required to list all the evidence that it considered in its order, but only that which it relied upon to reach its conclusion. *State ex rel. Buttolph v. Gen. Motors Corp., Terex Div.,* 79 Ohio St.3d 73, 77, 679 N.E.2d 702 (1997). "Therefore, because the commission does not have to list the evidence considered, the presumption of regularity that attaches to commission proceedings * * * gives rise to a second presumption—that the commission indeed considered all the evidence before it." *State ex rel. Lovell v. Indus. Comm.,* 74 Ohio St.3d 250, 252, 658 N.E.2d 284 (1996).

{¶ 15} A physician's report that identifies an injured worker's capacity for sedentary work without identifying additional physical restrictions may constitute evidence on which the commission may rely. *State ex rel. O'Brien v. Cincinnati, Inc.,* 10th Dist. Franklin No. 07AP–825, 2008-Ohio-2841, 2008 WL 2390789, ¶ 9. However, if the physician has imposed specific restrictions in the body of the report, the commission must consider whether any physical limitations the doctor listed correspond with the worker's ability to perform at the level indicated by the doctor. *Id.* at ¶ 10.

{¶ 16} *Seitaridis* is distinguishable from the case before us. In *Seitaridis,* the commission relied on a medical report in which the doctor stated that the claimant could engage in light work with " 'restrictions limited with use of right upper extremity.' " 2011-Ohio-3593, 2011 WL 2905581, at ¶ 6. The court of appeals determined that this phrase was ambiguous and vague. *Id.* at ¶ 15. The court ordered the commission to clarify whether the restrictions were consistent with the doctor's conclusion that the claimant was capable of performing light or sedentary work. *Id.* at ¶ 22.

{¶ 17} In this case, the commission's hearing officer explicitly stated that his decision was "based upon the limited physical restrictions indicated by Dr. Metz." This statement indicates that the hearing officer considered the restrictions identified by Dr. Metz and found them compatible with sedentary employment. It was within the commission's discretion to determine that Dr. Metz's report was not inherently inconsistent.

{¶ 18} We find that the restriction against repetitive lifting did not conflict with the definition of sedentary work in Ohio Adm.Code 4121–3–34(B)(2)(a)—"exerting up to ten pounds of force occasionally * * * and/or a negligible amount of force frequently * * * to lift, carry, push, pull, or otherwise move objects." *See State ex rel. Miller v. Indus. Comm.,* 10th Dist. Franklin No. 13AP–418, 2014-Ohio-1742, 2014 WL 1669804, ¶ 14 (a doctor's order restricting an injured worker from

engaging in repetitive activities need not mean that the worker cannot otherwise perform sedentary work). And the claimant here provided no contrary evidence to overcome the presumption that the commission considered all the evidence before it.

{¶ 19} Finally, the appellate court's speculation that there was a possible conflict within Dr. Metz's report that could be construed to bar sedentary employment does not meet the requisite legal basis for mandamus relief. The court did not identify any clear inconsistency between Dr. Metz's report and the definition of sedentary work to justify its issuing a limited writ.

{¶ 20} We are mindful that a reviewing court must not micromanage the commission's business. *State ex rel. Mobley v. Indus. Comm.*, 78 Ohio St.3d 579, 584, 679 N.E.2d 300 (1997). Our review of a commission order in mandamus is not de novo, and courts must defer to the commission's expertise in evaluating disability, not substitute their judgment for the commission's. *State ex rel. Pass v. C.S.T. Extraction Co.*, 74 Ohio St.3d 373, 376, 658 N.E.2d 1055 (1996). So long as the order is adequately explained and based on some evidence, even evidence that might be persuasively contradicted by other evidence of record, the order will not be disturbed as manifesting an abuse of discretion. *Mobley* at 584.

{¶ 21} The claimant's cross-appeal alleges that the court of appeals failed to address whether the psychological restrictions imposed in the medical report of Dr. Van Auken prevented the claimant from performing any work. The claimant's argument lacks merit. The court of appeals determined that the commission's order had specifically noted that Dr. Van Auken restricted the claimant to employment with " 'no more than moderate demands in terms of deadline pressure, and productivity requirements due to his diminished concentration, energy, and stress tolerance.' " 2013-Ohio-461, 2013 WL 9769243, ¶ 35. The court then concluded that the commission had not abused its discretion when it relied on the report of Dr. Van Auken.

{¶ 22} Because the claimant did not meet his burden in seeking a writ of mandamus, the court of appeals abused its discretion in issuing a limited writ. Consequently, we reverse the judgment of the court of appeals and deny the writ.

*Judgment reversed.*

O'CONNOR, C.J., and LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

PFEIFER and O'DONNELL, JJ., dissent and would affirm the judgment of the court of appeals.

Green, Haines, Sgambati Co., L.P.A., Ronald E. Slipski, Shawn D. Scharf, and Charles W. Oldfield, for appellee and cross-appellant.

Michael DeWine, Attorney General, and Andrew J. Alatis, Assistant Attorney General, for appellant and cross-appellee.