THE STATE EX REL. LACROIX, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Lacroix v. Indus. Comm.,* 144 Ohio St.3d 17, 2015-Ohio-2313.]

(No. 2013–1902—Submitted March 24, 2015—Decided June 16, 2015.)

——————

**Per Curiam.**

{¶ 1} Relator-appellant, Sherwood Lacroix, appeals the judgment of the Tenth District Court of Appeals denying his request for a writ of mandamus that would require respondent-appellee Industrial Commission of Ohio to enter an order awarding him compensation for permanent total disability.

{¶ 2} For the reasons that follow, we affirm.

*Facts and Procedural History*

{¶ 3} Lacroix was injured on September 7, 2003, while working for appellee GMRI, Inc., as a dishwasher/baker/maintenance worker. He was 26 years old. His workers' compensation claim was allowed for cervical/lumbar strain, head contusion, disc displacement, and postlaminectomy syndrome. He has not worked since the injury occurred.

{¶ 4} Lacroix applied for permanent-total-disability compensation in 2006 and 2008. The commission denied both applications on the basis that Lacroix was capable of working and not permanently and totally disabled.

{¶ 5} Lacroix applied again in 2010, with a report from his treating physician, Timothy Morley, D.O. Kiva Shtull, M.D., examined Lacroix on behalf of the employer. He concluded that Lacroix was capable of full-time employment "in the sedentary category, in the seated position, with the following additional restrictions: 1) The ability to change positions as necessary; 2) No foot pedal operation with the lower extremities; 3) No exposure to vibratory forces."

{¶ 6} Mark A. Anderson performed a vocational assessment of Lacroix and concluded that no occupations existed that matched all of his restrictions. Craig Johnston, Ph.D., also performed a vocational assessment. In his report, he identified the medical opinions submitted and concluded that "if one accepts the opinion of Dr. Shtull, then Mr. Lacroix is again capable of sedentary physical activity." Johnston examined Lacroix's nonmedical disability factors and concluded that he remained capable of sustained remunerative employment.

{¶ 7} Following a hearing, a staff hearing officer denied Lacroix's application. The hearing officer relied on the report of Dr. Shtull as evidence that Lacroix was medically capable of performing sedentary employment. The hearing officer also reviewed all vocational evidence submitted, analyzed Lacroix's nonmedical disability factors, and determined that he was vocationally capable of returning to work or going into a rehabilitation program.

{¶ 8} Lacroix filed a complaint for a writ of mandamus. He argued that the staff hearing officer abused his discretion when he relied on the vocational report of Dr. Johnston because the report was flawed.

{¶ 9} The court of appeals concluded that there was evidence in the record supporting the commission's decision that Lacroix was medically and vocationally capable of sedentary employment. The court noted that Lacroix did not challenge Dr. Shtull's medical opinion and that the commission independently evaluated the nonmedical disability factors. Thus, the appellate court concluded, despite any deficiencies in the Johnston report, the record nevertheless contained evidence to support the commission's denial of benefits. The court denied the writ.

{¶ 10} Lacroix's appeal as of right is before the court.

### Legal Analysis

{¶ 11} Permanent total disability is "the inability to perform sustained remunerative employment due to the allowed conditions in the claim." Ohio Adm.Code 4121–3–34(B)(1). It can result from the injured worker's medical conditions alone or in conjunction with other nonmedical disability or vocational factors. *State ex rel. Guthrie v. Indus. Comm.*, 133 Ohio St.3d 244, 2012-Ohio-4637, 977 N.E.2d 643, ¶ 8; *State ex rel. Stephenson v. Indus. Comm.*, 31 Ohio St.3d 167, 509 N.E.2d 946 (1987).

{¶ 12} To challenge the commission's order denying permanent-total-disability compensation, Lacroix must demonstrate an abuse of discretion. *State ex rel. Consolidation Coal Co. v. Indus. Comm.*, 78 Ohio St.3d 176, 177, 677 N.E.2d 338 (1997). So long as there is some evidence in the record that supports the order, the commission does not abuse its discretion. *Id.*

{¶ 13} Lacroix contends that the Johnston report was flawed because Dr. Johnston did not consider Dr. Shtull's limitation that Lacroix must remain in a seated position, and Dr. Johnston listed potential jobs, such as security guard and cashier, that seemed impossible for a person who relied on a walker or wheelchair.

{¶ 14} A vocational expert need not list all restrictions when referring to a medical report. *State ex rel. Arthur v. Indus. Comm.*, 10th Dist. Franklin No. 05AP–1018, 2006-Ohio-6776, 2006 WL 3743831, ¶ 45 (vocational expert is afforded latitude in describing or summarizing a medical opinion). Furthermore, the commission, as the exclusive evaluator of disability, is not required to accept vocational evidence, even if uncontroverted. *State ex rel. Jackson v. Indus. Comm.*, 79 Ohio St.3d 266, 270, 680 N.E.2d 1233 (1997). The commission is the expert on vocational evidence and had the discretion to accept or reject all or some of the Johnston report. *Id.* at 271; *see also State ex rel. Culbert v. Indus.*

*Comm.*, 10th Dist. Franklin No. 11AP–172, 2012-Ohio-1217, 2012 WL 986760, ¶ 3. Lacroix's argument lacks merit.

{¶ 15} Next, Lacroix contends that the commission abused its discretion by relying on Dr. Shtull's report because it was contradictory. Lacroix also contends that the commission failed to explain how the additional limitations set forth by Dr. Shtull correspond with the ability to perform work at the sedentary level.

{¶ 16} It is undisputed that Lacroix did not raise these arguments in the appellate court. *See* 2013-Ohio-4881, 2013 WL 5963062, ¶ 8 and 31. Consequently, they have been waived. *State ex rel. Roxbury v. Indus. Comm.*, 138 Ohio St.3d 91, 2014-Ohio-84, 3 N.E.3d 1190, ¶ 14; *State ex rel. Rollins v. Indus. Comm.*, 105 Ohio St.3d 319, 2005-Ohio-1827, 825 N.E.2d 1104, ¶ 8.

{¶ 17} Lacroix was not entitled to mandamus relief, because there was evidence in the record to support the commission's denial of permanent-total-disability compensation. Therefore, Lacroix failed to establish that he was entitled to relief in mandamus.

{¶ 18} Finally, both the claimant and the employer request oral argument. Neither party specifies why oral argument would be beneficial. Oral argument in an appeal as of right is subject to the court's discretion. S.Ct.Prac.R. 17.02(A). In exercising that discretion, we consider the parties' briefs to be sufficient to resolve the issue raised. We deny the requests for oral argument.

{¶ 19} We affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, LANZINGER, KENNEDY, and FRENCH, JJ., concur.

PFEIFER and O'NEILL, JJ., dissent.

———————

PFEIFER, J., dissenting.

{¶ 20} Lacroix's injuries are substantial enough that he is confined to a wheelchair, among other limitations. Even so, one of the vocational experts, whose report provides the evidence that the commission relies upon to justify its conclusion, determined that Lacroix is capable of being a security guard. That just isn't plausible, and reliance on that report is misguided.

{¶ 21} I would reverse the judgment of the court of appeals. I dissent.

O'NEILL, J., concurs in the foregoing opinion.

Nager, Romaine & Schneiberg Co., L.P.A., Jennifer L. Lawther, Jerald A. Schneiberg, and Stacy M. Callen, for appellant.

Michael DeWine, Attorney General, and Andrew J. Alatis, Assistant Attorney General, for appellee Industrial Commission.

Reminger Co., L.P.A., Melvin J. Davis, and Ronald Fresco, for appellee GMRI, Inc.