[Cite as *State ex rel. Witt v. Indus. Comm. et al.*, 2017-Ohio-554.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, ex rel.<br>Billy R. Witt, Jr., | : | |
| | : | |
| Relator, | : | No. 15AP-804 |
| | : | |
| v. | : | (REGULAR CALENDAR) |
| | : | |
| Industrial Commission of Ohio et al., | : | |
| | : | |
| Respondents. | : | |
| | : | |

## D E C I S I O N

### Rendered on February 16, 2017

**On brief:** *Law Office of Thomas Tootle,* and *Thomas Tootle,* for relator.

**On brief:** *Michael DeWine,* Attorney General, and *Kevin J. Reis,* for respondents Industrial Commission of Ohio and Administrator, Bureau of Workers' Compensation.

**On brief:** *Robert W. Bright,* for respondent Christian Morris Construction, Inc.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

BROWN, J.

{¶ 1} Relator, Billy R. Witt, Jr., has filed an original action requesting this court to issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate an order of its staff hearing officer ("SHO") to the extent it adjusts the full weekly wage ("FWW") and average weekly wage ("AWW"), and to enter an

amended order holding that respondent Ohio Bureau of Workers' Compensation ("bureau") did not have jurisdiction to issue an order adjusting FWW and AWW.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, the matter was referred to a magistrate of this court who issued the appended decision, including findings of fact and conclusions of law. In that decision, the magistrate recommended that this court issue a writ of mandamus ordering the commission to vacate the June 25, 2015 order of its SHO to the extent it adjusts FWW and AWW, and to enter an amended order holding that the bureau lacked jurisdiction to issue its March 2, 2015 order adjusting FWW and AWW.

{¶ 3} The commission has filed objections to the magistrate's decision, arguing that the magistrate erred: (1) by holding the bureau lacked authority to recalculate FWW and AWW because the issue was not raised administratively and thus has been waived for review in mandamus, (2) in ruling that the bureau must file an application under R.C. 4123.52 in order for either the bureau or the commission to exercise its continuing jurisdiction, and (3) in interpreting and applying the Supreme Court of Ohio's decision in *State ex rel. Drone v. Indus. Comm.,* 93 Ohio St.3d 151 (2001).

{¶ 4} The facts of this case, which are more fully set forth in the magistrate's decision, indicate that relator suffered an industrial injury on July 2, 1997. He subsequently applied for and received temporary total disability compensation, and the bureau initially calculated and set FWW at $416.63 and AWW at $365.36. In 2014, relator filed for and was granted permanent total disability ("PTD") compensation.

{¶ 5} In February 2015, the bureau conducted an audit of its prior calculation of FWW and AWW, resulting in a determination that FWW should be adjusted upward, and that AWW should be adjusted downward. On March 2, 2015, the bureau issued an order increasing FWW from $416.63 to $422.81 and decreasing AWW from $365.36 to $263.83.

{¶ 6} Relator filed an administrative appeal, and a district hearing officer ("DHO") issued an order affirming the bureau's order. Relator appealed the order of the DHO and the matter came for hearing before an SHO who issued an order on June 25, 2015, finding that FWW should remain at $422.81 and that AWW should be adjusted upward from $263.83 to $325.00.

{¶ 7}   Relator then filed the instant complaint in mandamus, arguing that the bureau's March 2, 2015 order, recalculating his FWW and AWW, constituted an attempt by the bureau to exercise continuing jurisdiction over the claim without statutory authority.   More specifically, relator argued that the bureau should have first filed a motion seeking to invoke the continuing jurisdiction of the commission.

{¶ 8}   The magistrate determined that the bureau "lacked authority to issue its March 2, 2105 order adjusting FWW and AWW because the matter at issue was a contested matter that should have been referred to the commission for adjudication by a DHO in the first instance."   In support, the magistrate cited as authority decisions by the Supreme Court in *Drone* and *State ex rel. Crabtree v. Ohio Bur. of Workers' Comp.,* 71 Ohio St.3d 504 (1994).

{¶ 9}   R.C. 4123.52 states in part:

> (A)   The jurisdiction of the industrial commission and the authority of the administrator of workers' compensation over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. * * * The commission shall not make any modification, change, finding, or award which shall award compensation for a back period in excess of two years prior to the date of filing application therefor.
> * * *
>
> (D)   This section does not affect the right of a claimant to compensation accruing subsequent to the filing of any such application, provided the application is filed within the time limit provided in this section.

{¶ 10} The commission argues there is no legal authority for the magistrate's determination that the bureau must file an application or a motion before it can correct a mathematical error in its prior calculation of a claimant's FWW and AWW.   The commission notes that, pursuant to R.C. 4123.52(A), "the authority of the administrator of workers' compensation over each case is continuing."   The commission cites *Crabtree* for the proposition that the bureau's "role is ministerial, not deliberative," and that the bureau "gives way to the commission when a party contests an award, necessitating a weighing of evidence and a judgment."   *Id.* at 507.   The commission further asserts that

the Supreme Court in *Drone* recognized the bureau has authority to act sua sponte without an application because its acts are ministerial, and that any such acts can later be contested before the commission.

{¶ 11} Under the facts in *Drone,* the bureau discovered an error in its calculation of the claimant's AWW, resulting in an underpayment. The claimant in that case had not filed an application for readjustment; rather, the bureau sua sponte issued an order adjusting the amount, but limited the adjustment as to compensation paid for the two-year period prior to the date it discovered the error.[1] The claimant objected to the bureau's order, and a DHO ordered an adjustment to all compensation previously paid; specifically, because no application for readjustment had been filed in the claim, the DHO determined that the two-year statute of limitations under R.C. 4123.52 was inapplicable. The bureau appealed, and an SHO vacated the DHO's order, treating the claimant's objection as an "application" under R.C. 4123.52. The commission therefore permitted recoupment only to the date two years prior to the claimant's objection to the bureau's order. The claimant subsequently filed a complaint in mandamus, and this court rendered a decision ordering the commission to adjust all compensation previously paid in order to retroactively pay the claimant benefits that were not paid due to the error.

{¶ 12} On appeal, the Supreme Court in *Drone* found unpersuasive the SHO's determination that the claimant's written objection constituted an "application" for purposes of invoking the statute of limitations. Further, noting that the statute of limitations under R.C. 4123.52 "requires an application to trigger it," the Supreme Court upheld this court's decision on the basis that the statute of limitations was never triggered. *Drone* at 155.

{¶ 13} In the *Drone* decision, the Supreme Court observed the following with respect to the bureau's sua sponte exercise of continuing jurisdiction to adjust the AWW calculation as it relates to the two-year statute of limitations under R.C. 4123.52:

> Here, there is no motion. There is simply a bureau order and claimant's written objection to it. The former comports least with the criteria set forth by [*State ex rel. Gen. Refractories Co. v. Indus. Comm.*, 44 Ohio St.3d 82 (1989)]. That case

---

[1] The language of R.C. 4123.52 "expressly forbids the commission to pay PTD compensation for a back period in excess of two years before the filing of the application for compensation." *State ex rel. Adams v. Aluchem, Inc.,* 104 Ohio St.3d 640, 2004-Ohio-6891, ¶ 11 (construing R.C. 4123.52(A)).

> instructs the reviewer to examine the "nature of the relief *sought*." (Emphasis added.) * * * This implies a request. The bureau order is not requesting relief. It is exactly what its name indicates—an order. It states what is to be done and how it is to be accomplished.
>
> We are uncomfortable with this reasoning because we recognize that when the bureau exercises *sua sponte* its continuing jurisdiction to correct a mistake, an order such as this is usually all that issues. The BWC does not apply for permission to act. Thus, if the bureau order lacks value for purposes of the two-year statute of limitations, does that mean that the bureau is not bound by the statute of limitation[s]? Going a step further, one wonders whether the BWC even has continuing jurisdiction to order any recoupment if, as the court of appeals held, R.C. 4123.52 does not apply at all. These are questions that have no ready answers.

*Id.* at 154.

{¶ 14} In the instant case, the commission challenges the magistrate's conclusion that the decision in *Drone* "does not prohibit this court from holding that the bureau lacked statutory authority to issue an order purporting to adjudicate the merits of the bureau's audit and finding that error had occurred in the initial calculation of FWW and AWW." The commission asserts that case law and statutory language indicate that the filing of the "application" referenced in R.C. 4123.52 applies to the claimant (i.e., it is the claimant who files the application). The commission further argues that the Supreme Court in *Drone* did not question the bureau's authority to act sua sponte, nor does language in that decision suggest the bureau is required to file an application. Rather, the commission argues, the lack of an application was the rationale provided by the court in *Drone* as to why the retroactive increase was not limited to two years under R.C. 4123.52.

{¶ 15} In response to the commission's objections, relator cites this court's decision in *State ex rel. Zingales v. Indus. Comm.,* 10th Dist. No. 08AP-643, 2009-Ohio-1860, as illustrating a proper procedure for the bureau. Specifically, under the facts of that case, the bureau filed a motion requesting the commission to invoke its continuing jurisdiction to modify the relator's AWW. We note, however, while the facts of *Zingales*

indicate the bureau filed such a motion, nothing in our decision addressed the issue of whether the bureau was required to do so.

{¶ 16} In general, as argued by the commission, references throughout the workers' compensation rules to "applications," in the context of PTD compensation, demonstrate the commission intended "claimants" to affirmatively request such compensation. *State ex rel. Adams v. Aluchem, Inc.,* 104 Ohio St.3d 640, 2004-Ohio-6891, ¶ 26.

{¶ 17} In the instant action, relator points to no statutory authority requiring the bureau to file a motion to correct a calculation error with respect to AWW or FWW, and language in *Drone* arguably gives recognition to the fact the bureau may exercise sua sponte (i.e., in the absence of a motion and/or application) its continuing jurisdiction "to correct [such] a mistake." *Drone* at 154. As otherwise stated in *Drone*, the bureau "does not apply for permission to act." *Id.* Based on this court's independent review, we find that the bureau and commission had continuing jurisdiction to correct a miscalculation in relator's AWW and FWW, and we therefore find no abuse of discretion by the commission in its June 25, 2015 order upholding the bureau's adjustment of relator's benefit rate.

{¶ 18} Based on the foregoing, we adopt the magistrate's findings of fact, but reject the magistrate's conclusions of law. The commission's second and third objections are sustained, the first objection is rendered moot, and relator's request for a writ of mandamus is hereby denied.

*Objections sustained;*
*writ of mandamus denied.*

LUPER SCHUSTER and DORRIAN, JJ., concur.

_____

# APPENDIX

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

State of Ohio, ex rel.                               :
Billy R. Witt, Jr.,

                                       :

          **Relator,**

                                       :

v.                                                  :                      No. 15AP-804

                                       :

Industrial Commission of Ohio,                      :                 (REGULAR CALENDAR)
Stephen Buehrer, Admin[istrator]
Bureau of Workers' Comp[ensation],                  :
and Christian Morris Const[ruction], Inc.,          :

          **Respondents.**                               :

---

## M A G I S T R A T E ' S   D E C I S I O N

### Rendered on April 27, 2016

---

*Law Office of Thomas Tootle,* and *Thomas Tootle,* for relator.

*Michael DeWine,* Attorney General, and *Kevin J. Reis,* for respondent Industrial Commission of Ohio.

*Robert W. Bright,* for respondent Christian Morris Construction, Inc.

---

## IN MANDAMUS

{¶ 19} In this original action, relator, Billy R. Witt, Jr., requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate the June 25, 2015 order of its staff hearing officer ("SHO") to the extent that it adjusts the full weekly wage ("FWW") and average weekly wage ("AWW"), and to enter an amended order holding that respondent Ohio Bureau of Workers' Compensation ("bureau") did not have jurisdiction to issue its March 2, 2015 order adjusting FWW and AWW. Relator also requests that the writ order the bureau to vacate its March 2, 2015 order.

Findings of Fact:

{¶ 20} 1. On July 2, 1997, relator was industrially injured while employed as a laborer for respondent Christian Morris Construction, Inc., a state-fund employer. Early in the industrial claim (No. 97-440601), without an order from the administrator, the bureau calculated and set FWW at $416.63 and AWW at $365.36.

{¶ 21} 2. Relator began receiving temporary total disability ("TTD") compensation. A substantial amount of TTD compensation has been paid by the bureau.

{¶ 22} 3. On January 10, 2014, relator filed an application for permanent total disability ("PTD") compensation.

{¶ 23} 4. Following a June 12, 2014 hearing, SHO issued an order awarding PTD compensation starting November 19, 2013.

{¶ 24} 5. During February 2015, the bureau conducted an audit of its prior calculation of FWW and AWW in the claim. The audit determined that FWW should be increased from $416.63 to $422.81. It also determined that AWW should be decreased from $365.36 to $263.83.

{¶ 25} 6. On March 2, 2015, the bureau mailed an order increasing FWW from $416.63 to $422.81. The order also decreased AWW from $365.36 to $263.83. The bureau order warned:

> This decision becomes final if a written appeal is not received within 14 days of receiving this notice.

{¶ 26} 7. On March 18, 2015, relator timely filed an administrative appeal from the bureau's March 2, 2015 order.

{¶ 27} 8. Following a May 18, 2015 hearing, a district hearing officer ("DHO") issued an order affirming the bureau's order of March 2, 2015. The DHO's order explains:

> The Injured Worker's full weekly wage is $422.81, based upon a total income (including overtime) of $2,536.87, in the six weeks before injury divided by six weeks. This figure is higher than what Injured Worker made in the last seven days before injury (less overtime).

> The Injured Worker's average weekly wage is $263.83, based upon total income of $12,783.62 in the year before injury divided by 52 weeks.

> The District Hearing Officer declines the Injured Worker's request to exclude the weeks from 07/02/1996 to

04/04/1997 from the calculation of average weekly wage. During this time Injured Worker was self-employed but, in counsel's words, "not very successful." This is not a basis for reducing average weekly wage.

The Injured Worker also argues that the Bureau of Workers' Compensation should be barred by laches from adjusting the average weekly wage since it has not attempted to do so for decades. Laches is a doctrine from equity that can only be applied by courts. Without express authority in a statute, rule, or case law, the Industrial Commission has no authority to apply equity.

The Administrator is directed to please adjust compensation previously paid in this claim to take into account these new figures. There was no "application" to adjust wages since the Bureau of Workers'' Compensation did so on its own initiative. According to the Ohio Supreme Court, this means that the Administrator has authority to go back as far as he wishes when making adjustments.

Any overpayment created by this order is to be recouped from future benefits, if any, pursuant to Ohio Revised Code 4123.511(K).

The District Hearing Officer considered everything that was written in the file and said at the hearing before making this decision. The evidence relied upon in reaching this decision includes the wage documentation and Bureau of Workers' Compensation wage calculation worksheet filed 03/18/2015.

{¶ 28} 9. Relator administratively appealed the DHO's order of May 18, 2015.

{¶ 29} 10. Following a June 25, 2015 hearing, an SHO issued an order affirming the DHO's order of May 18, 2015. The SHO's order of June 25, 2015 explains:

Full weekly wage remains established at $422.81. This is determined by taking the Injured Worker's wages in the six weeks prior to the date of injury, a total of $2,536.87, and dividing by six. This amount is more than the Injured Worker made in the seven days prior to the injury, excluding overtime. This figure was not contested by the Injured Worker.

It is the finding of the Staff Hearing Officer that an arithmetic calculation of the Injured Worker's wages would not do substantial justice. The Injured Worker had a substantial period in the year prior to the date of injury when

he was unsuccessfully self-employed. Including this time period and these wages would not accurately reflect the Injured Worker's reasonable earning capacity. The Staff Hearing Officer does not find well taken Injured Worker's request that the average weekly wage be established at the full weekly wage, as this was with a construction company and consequently this is significantly seasonal work. The average weekly wage is established at $325.00. This figure is found to be an approximation which would compensate the Injured Worker for what he lost as a consequence of the injury, without providing a windfall, and is between the merely arithmetic calculation of $263.83, and the amount the Injured Worker was receiving at the time of his injury.

The Administrator is directed to adjust compensation previously paid in this claim to take into account these new figures. Because there was no application, there is no limitation under R.C. 4123.52. The recoupment from any future benefits, if this creates an overpayment, is limited to the non-fraud provisions of R.C. 4123.511(K).

The Staff Hearing Officer has considered Injured Worker's counsel's argument that, because of the very long passage of time, the doctrine of latches [sic] should be applied to the recoupment of the overpayment. This argument is not found well taken. Latches [sic] is an equitable remedy, not appropriate for an administrative hearing setting.

{¶ 30} 11. On July 16, 2015, another SHO mailed an order refusing relator's administrative appeal from the SHO's order of June 25, 2015.

{¶ 31} 12. On August 25, 2015, relator, Billy R. Witt, Jr., filed this mandamus action.

Conclusions of Law:

{¶ 32} Because the bureau did not have the statutory authority to issue its March 2, 2015 order adjusting FWW and AWW, it is the magistrate's decision that this court issue a writ of mandamus, as more fully explained below.

{¶ 33} R.C. 4121.34(B)(3) gives district hearing officers original jurisdiction over all contested matters arising under R.C. Chapter 4123, except those matters over which staff hearing officers have original jurisdiction under R.C. 4121.35.

{¶ 34} R.C. 4121.39 sets forth the powers and duties of the bureau:

> The administrator of workers' compensation shall do all of the following:
>
> (A) Except as provided in section 4123.402 of the Revised Code, review and process all applications for claims;
>
> (B) Award compensation and make payment on all noncontested claims;
>
> (C) Make payment on orders of the industrial commission and district and staff hearing officers as provided in section 4123.511 of the Revised Code.

{¶ 35} In *State ex rel. Crabtree v. Ohio Bur. of Workers' Comp.*, 71 Ohio St.3d 504 (1994), the Supreme Court of Ohio set forth the jurisdictional parameters of the bureau in the context of the termination of TTD compensation on grounds that the industrial injury had reached maximum medical improvement ("MMI"). Citing to R.C. 4121.34(B)(3) and 4121.39, the court held that the bureau did not have the statutory authority to unilaterally terminate TTD compensation on MMI grounds where the issue was a contested matter.

{¶ 36} In issuing a writ of prohibition and mandamus, the *Crabtree* court stated:

> The limited power Ohio Rev. Code Ann. § 4121.39 accords the Bureau of Workers' Compensation is consistently reflected in the remainder of the statutory framework of Ohio's workers' compensation system. The bureau's role is ministerial, not deliberative. The bureau gives way to the commission when a party contests an award, necessitating a weighing of evidence and a judgment. The bureau then makes the payments based upon the commission's judgments.

*Id.* at 507.

{¶ 37} Applying *Crabtree* to the instant case, it is clear that the bureau lacked authority to issue its March 2, 2015 order adjusting FWW and AWW because the matter at issue was a contested matter that should have been referred to the commission for adjudication by a DHO in the first instance.

{¶ 38} The bureau's issuance of an order rather than the filing of a motion with the commission for the exercise of continuing jurisdiction was prejudicial to relator because of the holding in *State ex rel. Drone v. Indus. Comm.*, 93 Ohio St.3d 151 (2001), upon

which the SHO's order of June 25, 2015 seems to rely without express citation to the case. That is, the SHO held that "[b]ecause there was no application, there is no limitation under R.C. 4123.52."  This appears to be a reference to the following provision of R.C. 4123.52:

> The commission shall not make any modification, change, finding, or award which shall award compensation for a back period in excess of two years prior to the date of filing application therefor.

{¶ 39} Thus, the SHO's order of June 25, 2015 seems to hold that the two-year limitation is not applicable to the bureau's recoupment of compensation for any back period in the case.  Accordingly, a review of the *Drone* case may be helpful.

{¶ 40} The bureau initially set Evelyn Drone's AWW at $138.96.  In September 1998, the bureau discovered an error in its calculation.  In December 1998, the bureau notified Drone that her AWW had been incorrectly calculated resulting in an underpayment in her claim.  The bureau stated that AWW is now set at $174.08, but that adjustments to her previously received compensation would be limited to the two-year period in R.C. 4123.52.  Further, the two-year period would be measured from the date the bureau discovered the error.  Apparently, the just-described notification was issued in a bureau order to which Drone objected.

{¶ 41} A DHO reset AWW at $206.60 and ordered an adjustment of all compensation previously paid.  The DHO found that no application for readjustment had been filed in the claim, rendering inapplicable R.C. 4123.52's two-year statute of limitation that presumably motivated the bureau's repayment restriction.  The bureau administratively appealed the DHO's order.

{¶ 42} Following a hearing, an SHO vacated the DHO's order and permitted recoupment only to December 31, 1996, the date two-years prior to Drone's objection to the bureau's order.

{¶ 43} Thereafter, Drone filed in this court a mandamus action alleging that the commission abused its discretion in refusing to readjust all prior compensation.  This court ordered the commission to adjust all compensation previously paid.

{¶ 44} The cause was appealed as of right to the Supreme Court of Ohio.

{¶ 45} The Supreme Court held that the statute of limitations was never triggered because there is no application within the meaning of R.C. 4123.52.  In explaining its

decision, the *Drone* court referred to *State ex rel. Gen. Refractories Co. v. Indus. Comm.*, 44 Ohio St.3d 82 (1989). The *Drone* court explains:

> Here, there is no motion. There is simply a bureau order and claimant's written objection to it. The former comports least with the criteria set forth by *Gen. Refractories*. That case instructs the reviewer to examine the "nature of the relief *sought*." (Emphasis added.) *Id.* at 83, 541 N.E.2d at 54. This implies a request. The bureau order is not requesting relief. It is exactly what its name indicates--an order. It states what is to be done and how it is to be accomplished.
>
> We are uncomfortable with this reasoning because we recognize that when the bureau exercises *sua sponte* its continuing jurisdiction to correct a mistake, an order such as this is usually all that issues. The BWC does not apply for permission to act. Thus, if the bureau order lacks value for purposes of the two-year statute of limitations, does that mean that the bureau is not bound by the statute of limitation? Going a step further, one wonders whether the BWC even has continuing jurisdiction to order any recoupment if, as the court of appeals held, R.C. 4123.52 does not apply at all. These are questions that have no ready answers.
>
> * * *
>
> Analysis has thus come full circle and herein lies the dilemma, as no answer distinguishes itself. We find that the court of appeals' judgment is truest to R.C. 4123.52 and Gen. Refractories. Because the statute of limitations in R.C. 4123.52 requires an application to trigger it and nothing satisfies Gen. Refractories' outline of an application, then the statute of limitations has not been invoked.

(Emphasis sic.) *Id.* at 154-55.

{¶ 46} Here, the commission points to the fact that in *Drone* the bureau issued an order to correct the miscalculation of AWW. That is, the bureau did not file a motion that the commission correct the miscalculation. Referring to *Drone,* the commission states here:

> The Supreme Court found nothing amiss in the Administrator's action and held that the two-year limitation on declaration of an overpayment did not apply where the Administrator discovered that it had miscalculated the

claimant's AWW and *sua sponte* exercised its continuing jurisdiction to correct the mistake.

(Commission's Brief, 9.)

{¶ 47} In the magistrate's view, the *Drone* case does not prohibit this court from holding that the bureau lacked statutory authority to issue an order purporting to adjudicate the merits of the bureau's audit and finding that error had occurred in the initial calculation of FWW and AWW. In *Drone,* no one argued that the bureau lacked authority to issue the order. The *Crabtree* case was not discussed by the *Drone* court.

{¶ 48} Moreover, in the instant case, the bureau's decision to issue an order rather than file a motion for an adjustment of FWW and AWW had the effect of eliminating the "application" that the *Drone* court found was the trigger for the two-year statute of limitations. Thus, the bureau's decision to issue an order was prejudicial to relator because it resulted in the commission's holding that the bureau is now under no limitation in declaring an overpayment of compensation.

{¶ 49} Accordingly, for all the above reasons, it is the magistrate's decision that this court issue a writ of mandamus ordering the commission to vacate the June 25, 2015 order of its SHO to the extent that it adjusts FWW and AWW, and to enter an amended order holding that the bureau did not have jurisdiction to issue its March 2, 2015 order adjusting FWW and AWW. Further, the writ must order the bureau to vacate its March 2, 2015 order.

/S/ MAGISTRATE
KENNETH W. MACKE

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).